Raymond FITZGERALD Jr. et al
v. INVESTORS PREFERRED LIFE
INSURANCE COMPANY

75-132                               530 S.W. 2d 195

Opinion delivered December 8, 1975

*Pearce, Robinson, McCord & Rotenberry,* for appellants.

*Davidson, Plastiras & Horne,* by: *Cyril Hollingsworth,* for appellee.

CONLEY BYRD, Justice. This is a proceeding pursuant to Ark. Stat. Ann. § 66-4249 (Repl. 1966), by appellants Raymond Fitzgerald, Jr., et al, dissenting stockholders, to recover from the surviving corporation, appellee, Investors Preferred Life Insurance Company, the value of the preferred stock held by the appellants in Universal American Life Insurance Company before a merger of the two corporations. Based upon the report of a single appraiser, agreed upon by the parties, the trial court entered judgment for the stock at a value of $12.50 per share, together with the costs of the appraiser and a reasonable attorney's fee. The judgment carried interest at a rate of 6% from the date of the judgment. Both appellants and appellee have appealed.

Appellants point out that their preferred stock was purchased for $20.00 per share and that it had a liquidation value of $21.00. They then contend that they are entitled to the liquidation value upon a merger. We find no merit to this contention. First, appellants recognize that a merger is not the same as a liquidation. Second, the record shows that "Universal" had not had sufficient earnings to pay dividends in the last three or more years of its corporate existence and under those circumstances the preferred shares obviously would not necessarily have had a present value equal to a liquidation value that could not be realized until sometime in the uncertain future. Appellants recognize that if there had been an established market for the preferred stock, it would be inequitable to permit them to obtain a higher value for their stock by dissenting to a merger.

The trial court refused to allow interest on the value of the stock between the date of the merger and the date of judgment. In this we think the trial court erred. Ark. Stat. Ann. § 66-4249 (Repl. 1966), provides that a dissenting stockholder

ceases to be a stockholder on the date of the merger and that the surviving corporation must make a tender of the fair cash value of the dissenting stock within 30 days of the merger. Since the tender in this instance was less than the fair cash value and the merger, in effect, destroyed the stockholder's rights, simple justice would require that the assessment of interest from the last day of the statutory tender date to the time of judgment should be awarded. We so hold, notwithstanding the contrary holdings from other jurisdictions with similar statutory provisions. We have consistently held that in cases of conversion the defendant is liable for interest from the date of conversion, *Bradley Lumber Co.* v. *Hamilton*, 117 Ark. 127, 173 S.W. 848 (1915). Ark. Stat. Ann. § 66-4249 (Repl. 1966), places on the surviving corporation both the duties of determining the fair cash value and the making of a tender. To deny interest in the circumstances before us would encourage the surviving corporation to shave its estimate of fair cash value since it would have the benefit of the earnings of the money due to the dissenting stockholders during the period before judgment.

On cross-appeal it is contended that the trial court erred in accepting the report of the appraiser because the appraiser took into consideration matters beyond the scope of the appraisal. We find no merit to this contention because the appellee did not raise its objection when it first had the opportunity. The court's instructions to the appraiser told him that "you may consider anything you deem appropriate in connection with your appraisal of the fair cash value." Appellee did not object to the actions of the court until the appraisal had been made. At that time it objected to the appraiser's consideration of the unfairness of appellee's treatment of the preferred stockholders. Assuming that the appraiser's report gave a monetary value to the "unfairness of appellee's treatment of preferred stockholders," we hold that the objection should have been made to the instructions of the court which permitted this action on the part of the appraiser and that when appellee waited until after the appraiser had acted in accordance with the court's instructions, the objection came too late. We pointed out in *Smith* v. *Cummins*, 249 Ark. 61, 458 S.W. 2d 140 (1970), that one could not wait until the jury verdict was in, and then, if the verdict were favorable, accept it, but if unfavorable object to it.

In view of the authorization in Ark. Stat. Ann. § 66-4249 for the assessment of a reasonable attorney's fee for the services of the attorney for the dissenting stockholders, we are directing the trial court upon remand to award an additional $1,000 for the services of the appellants' attorney in this Court.

Reversed and remanded for entry of a judgment not inconsistent with this opinion.