ARKANSAS STATE HIGHWAY and TRANSPORTATION DEPARTMENT *v.* Milton A. KIDDER and Douglas Kidder

96-645                                                     933 S.W.2d 794

Supreme Court of Arkansas
Opinion delivered November 18, 1996

*Robert L. Wilson* and *Maria L. Schenetzke*, for appellant.

*Hardin, Dawson & Terry*, by: *J. Leslie Evitts, III*, for appellees.

ROBERT H. DUDLEY, Justice. On April 16, 1993, the Arkansas State Highway and Transportation Department notified Milton and Doug Kidder that their large, four-sided, rotating billboard located next to State Highway 22 in Fort Smith could no longer rotate or move in any way. The Kidders responded that the billboard had been rotating since 1965, and its rotation was protected under a "grandfather clause." They requested a hearing. The hearing officer ruled that a rotating billboard was in violation of the statutes and regulations governing the maintenance of outdoor, off-premise advertising devices and ordered the Kidders to stop rotating the billboard. The Kidders appealed to circuit court on August 27, 1993, and, the same day, the circuit court stayed the ruling of the hearing officer. On November 16, 1995, the circuit court ruled that part of the hearing officer's findings were not supported by substantial evidence and that the hearing officer's conclusion of law was arbitrary, capricious, and erroneous. The Department appealed to this court. We hold that the hearing officer's findings of fact were supported by substantial evidence and that his conclusion of law was neither arbitrary nor erroneous. We reverse the judgment of the circuit court and remand for orders consistent with this opinion.

## I. Standard of Review

■■■ Section 25-15-212 of the Arkansas Code Annotated provides that a person who considers himself injured by a final act of an agency is entitled to a review of the action by a circuit court. Ark. Code Ann. § 25-15-212(a) & (b) (Repl. 1996). Section 25-15-212(h), in material part, provides:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-12-215((h) (Repl. 1996). The rules governing judicial review of decisions of administrative agencies by both the circuit and appellate courts are the same. *Franklin v. Arkansas Dep't of Human Servs.*, 319 Ark. 468, 892 S.W.2d 262 (1995). In *Franklin*, we set out the standard of review as follows:

> Our review is not directed toward the circuit court but toward the decision of the agency recognizing that administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. If we find the administrative decision is supported by substantial evidence and is not arbitrary, capricious or characterized by an abuse of discretion, we uphold it.

*Id.* at 472, 892 S.W.2d at 264 (citations omitted). The opinion also sets out the manner in which this court determines whether a decision is supported by substantial evidence:

> To determine whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. When reviewing the evidence, we give it its strongest probative force in favor of the agency. Appellant's burden, then, in order to establish an absence of substantial evidence, is to show that the proof before the Department was so nearly undisputed that fair-minded persons could not reach its conclusion. The issue is not whether the evidence supports a contrary finding, but whether it supports the finding that was made.

*Id.* at 474-75, 892 S.W.2d at 266 (citations omitted).

## II.

### A. Findings of Fact

■ The Department's first point on appeal is that the circuit court erred in ruling that there was no substantial evidence to support the hearing officer's findings of fact. The point is well taken. The circuit court ruled that the hearing officer's "determination that prior to the effective date of the [Arkansas State Highway Beautification] Act the advertising device had been an on-premise device and therefore was not subject to the requirements of the Act,

is not supported by substantial evidence in the record." The hearing officer simply did not make a finding of fact that the billboard was an on-premises device before the effective date of the State Highway Beautification Act, Ark. Code Ann. §§ 27-74-101—502 (Repl. 1994). Rather, the hearing officer, on practically undisputed facts, found moot the Kidders' contention that the billboard was nonconforming and pre-existed the State Highway Beautification Act because it was undisputed that the billboard rotates and no attempt was made to obtain a permit under a grandfather clause. Moreover, a review of all of the evidence introduced at the administrative hearing reveals that all of the pertinent findings of facts were undisputed.

## B. Conclusion of Law

The Department's next point on appeal is that the circuit court erred in ruling that the hearing officer arbitrarily and erroneously concluded that the billboard was subject to the requirements of state and federal acts. This point is also well taken.

The material part of the hearing officer's ruling is as follows:

> It's clear from a reading of the Federal law and State Regulations that many aspects of the criteria for operating outdoor advertising devices on Primary Highways in the State of Arkansas applies to both conforming and nonconforming devices alike. Devices violating those expressly prohibited aspects cannot be operated and maintained in conformance with the law. Federal law prohibits the maintenance of devices which move and the Regulations prohibit devices with more than two faces and more than one face visible from the main traveled way of the highway. As a *Conclusion of Law* the continued operation and maintenance of this device as a four faced rotating sign violates the provisions of the permit approval, the Regulations, and State and Federal law.

The Arkansas Highway Beautification Act, Ark. Code Ann. §§ 27-74-101—502 (Repl. 1994), was enacted in 1967 to bring Arkansas into conformance with the Federal Highway Beautification Act and, in part, to avoid losing substantial amounts in federal-aid highway funds. Preamble to Act 640 of 1967. The Act authorizes the Arkansas State Highway Commission to enter into agreements with the Secretary of Transportation, as provided in Title 23

of the United States Code. Ark. Code Ann. § 27-74-209.

Pursuant to the Act, the Commission entered into an agreement with the Secretary of Transportation and promulgated rules and regulations for the erection of outdoor advertising signs. *See* Regulations for Control of Outdoor Advertising on Arkansas Highways. The scope of the agreement in the regulations provides that the determinations set forth in the agreement do not apply to "outdoor advertising signs *legally erected and maintained*, in zoned and unzoned commercial and industrial areas established by this agreement, on FAP and FAI Highways prior to the date of enactment of this agreement." Regulations for Control of Outdoor Advertising, II., p. 7 (emphasis added).

The federal regulations provide the following regarding grandfather clauses:

> (c) *Grandfather clause.* At the option of the State, the agreement may contain a grandfather clause under which criteria relative to size, lighting, and spacing of signs in zoned and unzoned commercial and industrial areas within 660 feet of the nearest edge of the right-of-way apply only to new signs to be erected after the date specified in the agreement. Any sign lawfully in existence in a commercial or industrial area on such date may remain even though it may not comply with the size, lighting, or spacing criteria. This clause only allows an individual sign at its particular location for the duration of its normal life subject to customary maintenance. Preexisting signs covered by a grandfather clause, which do not comply with the agreement criteria have the status of nonconforming signs.

23 C.F.R. § 750.707(c) (1996). Section 750.707(d) provides in part that for a nonconforming sign to be continued and maintained, it "must have been lawful on the effective date of the State law or regulations, and must continue to be lawfully maintained." Section 750.303(e) defines nonconforming signs as:

> One which was lawfully erected, but which does not comply with the provisions of State law or State regulations passed at a later date or which later fails to comply with State law or State regulations due to changed conditions. Illegally erected or maintained signs are not nonconforming signs.

The state regulations specifically require permits for outdoor, off-premise advertising devices such as the one in issue, including devices already in existence, as of October 1, 1972. Revised Regulations for Issuance of Permits for Outdoor Advertising Devices and Signs, Section 2, p. 21. The state regulations provide two different types of permits, Class A permits for conforming devices and Class B permits for existing nonconforming devices. Revised Regulations for Issuance of Permits for Outdoor Advertising Devices and Signs, Section 3, p. 21. Permits are not required for on-premises devices. Section 6, p. 23.

Under the foregoing state and federal regulations, in order for the Kidders to continue to use the billboard in a nonconforming manner, it would have been necessary for them to maintain it lawfully. They failed to do this because they did not obtain a permit on or after October 1, 1972, as the regulations required. They did obtain a permit in 1980, but it was a Class A conforming permit with restrictions on it, one of which was that the sign not rotate or simulate movement. They did not comply with the restrictions; therefore, the sign was unlawfully maintained.

■ Under the federal regulations, the agreements between states and the Secretary of Transportation may contain grandfather clauses that apply to devices that do not comply with the requirements for size, lighting, and spacing, but, in the present case, the issue was not size, lighting, or spacing; rather, it was that the billboard had four sides and rotated. Additionally, the agreement between the State and the Secretary of Transportation provides in pertinent part that a sign structure may consist of two facings as long as only one facing is visible from the approaching traveled way. Each facing may contain two signs; a sign structure may not contain more than four signs. Regulations for Control of Outdoor Advertising, III. B., p. 8. The federal regulations provide that "*[n]o sign may be permitted which has any animated or moving parts.*" 23 C.F.R. § 750.106(b)(6) (1996) (emphasis added). The undisputed evidence supports the conclusion that the advertising device in question violated the state regulations in that it had more than two faces, with more than one face being visible to the approaching traveled way. In sum, the conclusion of the hearing officer was not arbitrary and not in error.

■ The hearing officer's conclusion was correct for an additional reason. The Kidders finally applied for and obtained a permit

for the billboard in 1980, but it was a Class A conforming permit that provided the sign could not rotate. It is settled that one cannot accept the benefits of a permit and then challenge the conditions of the permit. *See Arkansas State Highway Comm'n v. Hightower*, 238 Ark. 569, 383 S.W.2d 279 (1964). In *Hightower*, this court said: "The plaintiff could not, after having applied for and accepted from the building inspector a permit to build a wall twelve inches thick, build one eight inches thick, and, when ordered to show cause why the permit granted should not be revoked or cancelled, for that reason plead that the provisions of the building ordinance requiring him to agree to build in accordance with the plans and specifications were illegal and void and not binding upon him." *Id.* at 575–76, 383 S.W.2d at 283 (quoting *James H. Dailey Estate v. City of Lincoln*, 107 Neb. 151, 159, 185 N.W. 332, 335 (1921)).

Reversed and remanded for proceedings consistent with this opinion.

JESSON, C.J., not participating.