Dr. Per OTTE *v.*
ARKANSAS STATE BOARD of ACUPUNCTURE
and Related Techniques

04-901                                            206 S.W.3d 225

Supreme Court of Arkansas
Opinion delivered March 31, 2005

*Law Offices of Treeca J. Dyer, P.A.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Chilesa J. Ready*, Ass't Att'y Gen., for appellee.

J IM GUNTER, Justice. Appellant, Dr. Per Otte, appeals the judgment of the Garland County Circuit Court affirming the decision of the Arkansas State Board of Acupuncture and Related Techniques. The Board held that Otte does not have a valid license to practice acupuncture and related techniques in Arkansas and is not presently eligible to hold a license in Arkansas because he has not taken the examination required by Arkansas law. We affirm.

In November 1995, Otte moved to Hot Springs Village and set up an acupuncture practice, specializing in the treatment of eye diseases. In 1997, the legislature enacted the Arkansas Acupuncture Practices Act (the "Act"), found in Ark. Code Ann. § 17-102-101 *et seq.* (Repl. 2002). Pursuant to the Act, Otte applied for and was issued a provisional license in October 1997.[1] The parties dispute whether that provisional license was valid, but agree that all provisional licenses in Arkansas expired on August 1, 1999. *See* Ark. Code Ann. § 17-102-302 (Repl. 2002).

The Board reviewed Otte's license during a meeting held on September 22, 2000, and determined that it had been issued in a meeting without a quorum. Rather than require Otte to submit a new application, the Board entered into an agreement with Otte under which he agreed to sit for the licensing exam, administered by the National Certification Commission for Acupuncture and Oriental Medicine ("NCCAOM"). The Board agreed to allow him to continue to practice until the results of the March 2001 test became available. Otte did not take the exam. In May of 2001, the Board granted Otte's request to extend the date by which he could take the exam until July 2001. Otte did not sit for the July exam.

According to Otte, NCCAOM did not allow him to take the exam for several reasons: (1) NCCAOM requested more affidavits, which Otte could not provide in time to take the March 2001 exam; (2) there was an outstanding complaint against Otte before the NCCAOM Board; and (3) the professional practice route, a procedure under which Otte originally qualified to take the exam, was eliminated as of January 1, 2001, and Otte did not otherwise meet the NCCAOM standards to take the exam.

In a meeting held September 12, 2001, the Board found that Otte's license had expired. Otte filed a petition for review with the Garland County Circuit Court. Because Otte had no notice of the September 12th meeting, the court remanded the case to the Board to hold a hearing to determine the status of Otte's license. At the hearing, the Board found that Otte did not have a valid license. The circuit court affirmed the Board's decision. Otte now brings this appeal.

Under the Administrative Procedure Act, a circuit court may reverse or modify an agency's decision if

---

[1] The Board later determined that a quorum was not present at the meeting in which it issued a provisional license to Otte, and therefore the license was not valid.

(h) . . . the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (1)  In violation of constitutional or statutory provisions;

    (2)  In excess of the agency's statutory authority;

    (3)  Made upon unlawful procedure;

    (4)  Affected by other error or law;

    (5)  Not supported by substantial evidence of record; or

    (6)  Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212 (Repl. 2002). Because the rules governing judicial review of administrative agency decisions are the same for both the circuit and appellate courts, this statute also governs our review. *Arkansas State Hwy. and Transp. Dep't v. Kidder*, 326 Ark. 595, 933 S.W.2d 794 (1996).

When determining whether a decision is supported by substantial evidence, we give the evidence its strongest probative force in favor of the agency's decision. *Id.* To establish an absence of substantial evidence to support the decision, the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. The question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *Id.*; *Williams v. Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983).

Finally, we note at the outset that the administrative decision we are reviewing in this case did not arise from a truly adversary proceeding. A complaint was never filed against Otte. The Board's purpose was to determine the status of Otte's license, which it did. In such a situation, the burden is on Otte to prove his eligibility to the satisfaction of the agency. *See Williams, supra.*

To obtain a license to practice acupuncture — or to "renew" a license that expired more than one year earlier — an applicant must take and pass an examination. Ark. Code Ann. §§ 17-102-304, 305, and 307. Pursuant to section 17-102-

206(b)(7), the Board has delegated its responsibility for conducting this examination to NCCAOM.[2] Otte argues that the Board erred when it failed to provide its own examination for him in light of his problems qualifying for the NCCAOM exam. His argument is based on his interpretation of Ark. Code Ann. § 17-102-305(b), which states as follows:

> (b) The Arkansas State Board of Acupuncture and Related Techniques shall hold an examination at least once each calendar year, and all applicants shall be notified in writing of the date and time of all examinations. The board may utilize a nationally recognized examination if it deems the national exam is sufficient to qualify a practitioner for licensure in this state.

Ark. Code Ann. § 17-102-305 (Repl. 2002).

Otte claims that, although the Board has properly delegated its examination responsibilities to NCCAOM, it still retains the authority to administer its own examination and should have done so in this case. He argues that a test limited to his practice area would have ensured his competency and provided him an opportunity to continue his practice until his problems with NCCAOM were resolved. Finally, he claims that the members of the Board wanted to do something to allow Otte to continue his practice, but the Board's legal counsel advised the Board to stay within the purpose of the hearing, which was to determine the status of Otte's license. Therefore, according to Otte, the Board's decision is in violation of the Act's statutory provisions.

First, while the Board may have had the power to administer a different examination to Otte, they chose not to do so. Although the Board members briefly discussed the possibility of a limited test for Otte, they rejected it for several reasons. Since by Otte's own admission his practice is very specialized, contracting with someone qualified to draft such a test would be difficult at best. The Board also raised the issue of other applicants desiring exams limited to their areas of expertise. Finally, the Board's counsel noted that there was no legal authority to grant a limited license in Arkansas. Otte has cited no such authority. We have

---

[2] Section 206(b)(7) authorizes the Board to "[a]dopt standards for applicants wishing to take the licensing examination and conduct examinations or contract with persons or entities to conduct examinations of applicants[.]"

often recognized that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures, to determine and analyze underlying legal issues affecting their agencies, and we will not substitute our judgment and discretion for that of the administrative agency. *See Arkansas Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998).

■ Under the statutory authority of section 17-102-305(b), the Board may use "a nationally recognized examination if it deems the national exam is sufficient to qualify a practitioner for licensure in this state." The Board chose to do this. It is Otte's duty to take and pass the exam to obtain a license. He has not. Therefore the Board held his license invalid. We hold that this decision is supported by substantial evidence. Where the agency's decision is supported by substantial evidence, it is not arbitrary and capricious. *See Wright v. Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992). Furthermore, we hold that the Board's decision is not in violation of the Act's statutory provisions.

■ Otte's next argument relies on the holding of a federal district court in Texas that the State of Texas may choose to regulate acupuncture or not, but it may not "unnecessarily render acupuncture treatment essentially unavailable." *Andrews v. Ballard*, 498 F. Supp. 1038 (S.D. Tex. 1980). He claims that the Board's decision to declare his license invalid is essentially rendering acupuncture treatment for macular degeneration unavailable. First, the holding of a district court in Texas in no way binds this court. Moreover, Otte is barred from raising this argument because it was not raised below. *See Brown v. Dep't of Human Servs.*, 330 Ark. 764, 956 S.W.2d 866 (1997) (holding that an administrative decision will not be set aside on a ground not presented to the agency).

Finally, Otte argues that the Board should be estopped from finding that his license is invalid or void. He claims that the Board issued a license to him without informing him that it was either provisional or conditional. The license itself contained no such limitation. Because he did not know the license was provisional, he relied on this fact, built his practice in Arkansas, let his license lapse in Texas, and has been injured by his reliance. Therefore, he argues, the Board is estopped from treating his license as invalid.

■ This argument was not raised in the agency hearing and is therefore barred. *See Brown v. Dep't of Human Servs., supra.*

■ Based upon our standard of review regarding agency decisions, we hold that the trial court properly affirmed the Board's decision. Accordingly, we affirm.

Affirmed.