Ann Warmack BROOKSHIRE, et al. *v.*
Robert H. ADCOCK, Jr., et al.

CA 07-522                                      270 S.W.3d 879

Court of Appeals of Arkansas

Opinion delivered January 9, 2008

[Rehearing denied February 20, 2008.]

*Eichenbaum, Liles & Heister, P.A.*, by: *Christopher O. Parker*; *Warner, Smith & Harris, PLC*, by: *P.K. Holmes, III*, for appellants.

*Dover Dixon Horne, PLLC*, by: *Mark H. Allison* and *Garland W. Binns, Jr.*, for appellees Farmers Bank of Greenwood and Wilkinson Banking Corporation.

*Dustin McDaniel*, Att'y Gen., by: *Erika Gee*, Ass't Att'y Gen., for appellee.

SARAH HEFFLEY, Judge. Appellants, minority stockholders in the Farmers Bank of Greenwood, were involved in a "freeze-out" by the majority stockholder, Wilkinson Banking Corporation, and a dispute arose over the value placed on their shares. The administrative process to establish the value of the shares lasted approximately twenty-one months, and appellants now appeal the Bank Commissioner's decision to not award interest on the value of their shares during the delay. We find that appellants should have been awarded interest and reverse.

This case began when Ed Wilkinson, president of Farmers Bank, announced a stockholder meeting to be held on September 23, 2003, to consider a plan of exchange in which all shares not already owned by Wilkinson Banking Corporation would be acquired by Wilkinson for a cash payment of $5600 per share. The plan of exchange was adopted at the shareholder meeting, and the Arkansas Bank Commissioner approved the plan on September 30, 2003. Appellants disputed the tendered value for their shares and pursued their statutory rights as dissenters under Ark. Code Ann. § 23-48-603 (Repl. 2000). Appellants sought an increased value of the shares and interest for the period of time between September 30, 2003, and payment. During this period of dispute, the $5600 tendered for each share remained in a non-interest-bearing account.

On May 16, 2005, the Commissioner decided that the final valuation of the shares was $7270 per share, but he denied appellants' request for interest, stating that because the issue of interest was not addressed in section 23-48-603, the Commissioner was not authorized to award interest in addition to the valuation. Appellants filed an appeal in the Pulaski County Circuit Court, which affirmed the agency's decision on March 14, 2007. Appellants then filed a timely notice of appeal to this court.

Decisions of the Banking Board and Commissioner are subject to the Arkansas Administrative Procedure Act, which allows this court to review the decision of the administrative agency notwithstanding the decision rendered by the circuit court. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). In an appeal from an administrative order, this court's review is directed to the agency's decision, not the circuit court's. *Id.* This court reviews the entire record and gives the evidence its strongest probative force in favor of the agency's ruling. *Id.* Arkansas Code Annotated section 25-25-212(h) (Repl. 2002) provides that this court may reverse or modify the agency's decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion.

Under Ark. Code Ann. §§ 23-48-601 through 23-48-605 (Repl. 2000 and Supp. 2007), the legislature set out the process for reorganization through a plan of exchange, allowing a state bank to adopt a plan of exchange of all the outstanding capital stock held by the stockholders for the consideration designated in the section to be paid or provided by a bank-holding company that acquires the stock. A minority shareholder's dissent from the plan of exchange is not sufficient to disallow the plan; rather than permitting deadlock, the statute authorizes the majority to proceed with its plan while providing for dissenters' appraisal rights. Under Ark. Code Ann. § 23-48-603, once the plan has been approved by the majority stockholders and the Commissioner, the dissenters may go through a separate process to have the value of their stock determined. If the dissenters and the bank still disagree, the Commissioner then makes an appraisal determination that is binding on both parties.

In this case, appellants assert that they should receive six-percent interest on the value of their shares during the delay in making the value determination, which would amount to over $300,000. Appellants point out that on September 30, 2003, they lost their rights as shareholders and that the bank was unjustly enriched by the use of this money for twenty-one months. Appellants contend that they have been involuntary lenders to the bank and that, according to Ark. Code Ann. § 23-48-603, the full value of the acquired stock is a debt that the bank owes them. To support their argument, appellants cite *Fitzgerald v. Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1976), which involved a merger of two life insurance companies. The dissenting stockholders sought the value of their preferred stock before the merger. On appeal, they challenged the trial court's refusal to allow interest on the value of the stock between the date of the merger and the date of judgment. Our supreme court reversed, stating:

> The trial court refused to allow interest on the value of the stock between the date of the merger and the date of judgment. In this we think the trial court erred. Ark.Stat.Ann. § 66-4249 (Repl.1966), provides that a dissenting stockholder ceases to be a stockholder on the date of the merger and that the surviving corporation must make a tender of the fair cash value of the dissenting stock within 30 days of the merger. Since the tender in this instance was less than the fair cash value and the merger, in effect, destroyed the stockholder's rights, simple justice would require that the assessment of interest from the last day of the statutory tender date to the time of judgment should be awarded. We so hold, notwithstanding the contrary holdings from other jurisdictions with similar statutory provisions. We have consistently held that in cases of conversion the defendant is liable for interest from the date of conversion, *Bradley Lumber Co. v. Hamilton*, 117 Ark. 127, 173 S.W. 848 (1915). Ark. Stat.Ann. § 66-4249 (Repl.1966), places on the surviving corporation both the duties of determining the fair cash value and the making of a tender. To deny interest in the circumstances before us would encourage the surviving corporation to shave its estimate of fair cash value since it would have the benefit of the earnings of the money due to the dissenting stockholders during the period before judgment.

*Id.* at 967-68, 530 S.W.2d at 196-97.

Appellants argue that because Ark. Code Ann. § 23-48-603 was enacted after the supreme court's decision in *Fitzgerald*, it can

be presumed that it did not intend to require a different result in cases involving reorganization of state banks. The legislature is presumed to know the decisions of the supreme court, and it will not be presumed in construing a statute that the legislature intended to require the court to pass again upon a subject where its intent is not expressed in unmistakable language. *Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007).

In response, appellees argue that appellants' reliance on *Fitzgerald* is misplaced because its holding has been significantly limited by subsequent cases, such as *Woodline Motor Freight v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565 (1997). Appellees also distinguish *Fitzgerald* by pointing out that, in that case, the court had statutory authority to award interest on its judgment, whereas the Commissioner lacks such authority. Appellees argue that the Commissioner's interpretation of the banking statute should not be overturned because the statute makes no provision for an award of interest on minority shares purchased under a plan of exchange.

We find appellants' argument on this point persuasive and disagree with the assertions made by appellees.[1] The *Woodline* decision, contrary to appellees' assertion, did not limit *Fitzgerald*, and we see no meaningful distinction between a determination of fair value by the bank commissioner and a determination of fair value made by a circuit court. And while appellees are correct that the statute in question makes no provision for an award of interest, neither does the statute prohibit such an award. As in *Fitzgerald*, "simple justice" requires that appellants be awarded interest on the value of their stock during the delay in valuation, a period of almost twenty-one months during which appellants no longer possessed rights as shareholders yet had not been paid. Accordingly, we reverse and remand for the trial court to enter an order consistent with this opinion.

Reversed and remanded.

GLOVER and BAKER, JJ., agree.

---

[1] We also note that we are equally unpersuaded by appellees' attempt to compare the interest awarded in this case to an award of prejudgment interest.