2009 Ark. 207

**Ann Warmack BROOKSHIRE, et al., Appellants,**

v.

**Robert H. ADCOCK, et al., Appellees.**

No. 08–119.

Supreme Court of Arkansas.

April 16, 2009.

Eichenbaum, Liles & Heister, P.A., by: Christopher O. Parker, Little Rock; and Warner, Smith & Harris, PLC, by: P.K. Holmes, III, Fort Smith, for appellants.

Dover Dixon Horne, PLLC, by: Mark H. Allison and Garland W. Binns, Jr., Little Rock, for appellees.

ELANA CUNNINGHAM WILLS, Justice.

This court granted two petitions for review of the court of appeals' decision in *Brookshire v. Adcock*, 101 Ark.App. 134, 270 S.W.3d 879 (2008). The petitions, filed by then-Bank Commissioner Robert Adcock, Jr. and separate appellees Farmers Bank of Greenwood and Wilkinson Banking Corporation (appellees), assert that the court of appeals erred in reversing the Bank Commissioner's decision to deny interest to the appellants—dissenting shareholders in Farmers Bank (appellants)—for the period of time between the approval of a plan of exchange of shares and the final valuation of the shares by the statutory appraisal procedure. At issue is whether Ark.Code Ann. § 23–48–603 allows the Bank Commissioner to award interest in such cases, even though the express language of the statute does not specifically provide for such award. We affirm the Commissioner's decision.

The underlying dispute in this case began when Farmers Bank announced it would put forth a plan of exchange at a stockholders' meeting. The proposed plan of exchange provided for Wilkinson Banking Corporation to acquire all shares in Farmers Bank that it did not already own, at $5,600 per share.[1] The majority of shareholders approved the plan of exchange, by a margin of 93.5% to 6%, and the Bank Commissioner approved the plan on September 30, 2003. As dissenting minority shareholders, the appellants disputed the tendered value for their minority shares, and ultimately requested that the Commissioner initiate an appraisal of the shares as provided by § 23–48–603(b)(3).

1. Wilkinson Banking Corporation owned 90.54% of the shares in Farmers Bank.

Following the appraisal, the Commissioner issued a letter to the parties on May 16, 2005, fixing the final value of the dissenters' shares at $7,270.00 per share.[2] Additionally, the Commissioner made the following determination:

> Dissenting shareholders' counsel has made an additional request for the Bank Commissioner to award interest from the end of September 2003, the date the dissenters ceased to be shareholders, through the date the final valuation is paid at a rate of six percent (6%). The issue of interest is not addressed in [Ark.Code Ann. § 23–48–603]; therefore, the statute does not authorize the Bank Commissioner to award interest in addition to the valuation. The statute requires the Bank Commissioner to cause an appraisal to be made to determine the value of the shares only.

The appellants petitioned the Pulaski County Circuit Court to reverse the Commissioner's decision under the Arkansas Administrative Procedure Act (APA), Ark. Code Ann. §§ 25–15–201 to –218 (Repl. 2002 & Supp.2007), arguing that the Commissioner's denial of interest was:

> made in violation of constitutional or statutory provisions; in excess of the agency's statutory authority; made upon unlawful procedure; affected by other error or law; not supported by substantial evidence of record; and arbitrary, capricious, or characterized by abuse of discretion.

Alternatively, the appellants petitioned the circuit court for a writ of mandamus and/or writ of certiorari. On March 14, 2007, the circuit court issued an order dismissing the appellants' complaint. Upholding the Commissioner's decision, the circuit court stated as follows:

> The statute at issue, Ark.Code Ann. § 23–48–603, does not provide for an award of interest in a proceeding to establish the value of dissenting stockholders' shares. This Court may not read into the statute a requirement that is not there. Because this is a proceeding under the APA to review the Bank Commissioner's decision, the Court cannot say that the Commissioner was wrong in his reading and interpretation of his authority under the statute. Because the statute does not authorize the award of interest in an appraisal proceeding, and because the Bank Commissioner's interpretation of the statute is not clearly wrong, the standard of review necessary to modify or reverse the Bank Commissioner's decision under [the APA] has not been met.

Upon review, the court of appeals reversed the Commissioner's decision that the minority stockholders were not entitled to interest on the value of their shares for the period between the approval of the plan of exchange until the final valuation of the shares. The court of appeals relied on *Fitzgerald v. Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1976), where this court held that dissenting stockholders involved in a merger of two life insurance companies were entitled to interest from the period between the merger until the final valuation of the shares by a court judgment. Although *Fitzgerald* involved a different statute than the one at issue in this case, the court of appeals held that, "[a]s in *Fitzgerald*, 'sim-

---

**2.** Prior to the Commissioner's determination of the final value of the shares, the appellants filed a complaint in the federal district court for declaratory and injunctive relief. The federal court dismissed the appellant's claim on August 13, 2004, finding that abstention was proper because there was an ongoing state judicial proceeding that implicated an important state interest, and judicial review of the Commissioner's decisions provided an adequate opportunity to address any issues of federal law.

ple justice' requires that appellants be awarded interest on the value of their stock during the delay in valuation." *Brookshire, supra,* 101 Ark.App. at 138, 270 S.W.3d at 882.

The appellees argue in their petitions for review that the court of appeals failed to defer to an administrative agency's interpretation of statutory provision, and that it erred by interpreting an unambiguous statute, rather than giving the statutory language its plain and ordinary meaning. When this court grants a petition for review of a court of appeals decision, we review the case as though it had originally been filed with this court. *See, e.g., Stehle v. Zimmerebner,* 375 Ark. 446, 291 S.W.3d 573 (2009).

Judicial review of the Bank Commissioner's decision is governed by the APA. *Ford v. Keith,* 338 Ark. 487, 996 S.W.2d 20 (1999). The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Collie v. Ark. State Med. Bd.,* 370 Ark. 180, 258 S.W.3d 367 (2007); *Batiste v. Ark. Dep't of Human Servs.,* 361 Ark. 46, 204 S.W.3d 521 (2005). Judicial review of administrative decisions is limited in scope. *Williams v. Ark. State Bd. of Physical Therapy,* 353 Ark. 778, 120 S.W.3d 581 (2003). The APA provides that a reviewing court may reverse or modify the agency's decision if the decision: (1) violates the constitution or a statute; (2) exceeds the agency's statutory authority; (3) is affected by an error of law; (4) is procedurally unlawful; (5) is unsupported by substantial evidence in the record; or (6) is arbitrary, capricious or is an abuse of discretion. Ark.Code Ann. § 25-15-

212(h); *Arkansas Dep't of Correction v. Bailey,* 368 Ark. 518, 247 S.W.3d 851 (2007).

This appeal involves a question of first impression: does § 23–48–603 allow the Banking Commissioner to award interest to dissenting shareholders for the period between the date the surviving bank tenders an offer of the fair value of the shares, until the final determination of the value of the shares after the appraisal process? In another case requiring a first-impression interpretation of a banking statute, *Ford v. Keith, supra,* this court discussed the applicable rules of statutory construction as follows:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be giving to every word in the statute if possible. The construction of a state statute by an administrative agency is not overturned unless it is clearly wrong. Ordinarily, agency interpretations of statutes are afforded great deference, even though they are not binding. However, although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute.

(Internal citations omitted.)

Arkansas Code Annotated §§ 23–48–601 to –605 (Repl.2000 & Supp.2007) address

bank reorganization through the adoption of a plan of exchange of shares of the banks' outstanding capital stock held by stockholders. The bank holding company that acquires the outstanding shares must provide consideration for the shares under the provisions of the subchapter. *Id.* § 23–48–601(a)(1). Minority shareholders may dissent to the plan of exchange by providing a written demand for payment of the value of their shares within ten days, among other requirements. *Id.* § 23–48–603(a)(1). Upon receipt of the written demand, the bank must make a cash offer for the fair market value of the dissenter's shares. *Id.* § 23–48–603(a)(3)(B). The dissenting shareholder can either accept the tendered amount, § 23–48–603(a)(4), or proceed with an appraisal process in which three appraisers are selected, § 23–48–603(b)(1). Pertinent here, if appraisers are not selected by the parties as provided by § 23–48–603(b)(1), the dissenters can make a written request for the Commissioner to cause a reappraisal to be made, "which shall be final and binding upon all parties." *Id.* § 23–48–603(b)(3).

As noted by the Commissioner in his decision, the General Assembly did not include a provision in § 23–48–603 to award interest to dissenting shareholders for the period between a tender of the value for their shares and their final valuation. The appellants argue that the Commissioner should be reversed, because he erred as a matter of law; and, because the appellees were unjustly enriched, stating that they "are seeking judicial review of the Commissioner's conclusion that they are not entitled to interest or other recompense for the time/value of the delay in receiving payment of their shares at their actual value." [3] The appellants assert that "Arkansas law is clear that under the circumstances the dissenting shareholders are entitled to interest from the date on which they lost their status as shareholders until the majority shareholders have to 'pay up.'" To support their argument, the appellants rely on *Fitzgerald v. Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1976).[4]

In *Fitzgerald*, dissenting stockholders in a merger of insurance companies pursued their rights under Ark. Stat. Ann. § 66–4249, now codified at Ark.Code Ann. § 23–69–148, to have the value of their stock appraised after the surviving insurance company tendered a value for the shares. Based upon the appraisal, and under the applicable statutory scheme, a circuit court entered a judgment fixing the value of the shares and awarding interest from the date of the judgment. However, the trial court denied an award of prejudgment interest for the period of time between the date of the merger of the insurance companies and the court's judgment.

Upon review, the *Fitzgerald* court held that the failure to award prejudgment in-

---

**3.** Although the appellants originally sought interest until the date of payment for their shares, they acknowledge that an August 24, 2005 Agreed Stipulation "capped" the period as beginning on Sept. 30, 2003 (the date the plan, including the appellees' tender of $5,600 per share, was approved by the Commissioner) and extending until the thirty-day period to appeal the Commissioner's final valuation expired on July 15, 2005.

**4.** The appellants additionally argue on appeal that previous eminent domain cases are also analogous to the situation at issue here—citing *Housing Authority of City of Little Rock v. Rochelle*, 249 Ark. 524, 459 S.W.2d 794 (1970) and *Wilson v. City of Fayetteville*, 310 Ark. 154, 838 S.W.2d 366 (1992). However, this argument was not presented to the Commissioner. An argument not presented to an administrative agency is barred from judicial review. *Otte v. Arkansas Board of Acupuncture*, 361 Ark. 279, 285, 206 S.W.3d 225, 229 (2005).

terest was error and reversed the circuit court, equating the situation to "cases of conversion," in which "the defendant is liable for interest from the date of conversion." *Id.* at 968, 530 S.W.2d at 197. The court noted that the statute at issue required the surviving insurance company to determine the fair cash value of shares and tender an offer of that value to dissenting stockholders within thirty days of the merger. *Id.* at 968, 530 S.W.2d at 197. Because the tender was less than the fair cash value of the shares established by the final court judgment, the *Fitzgerald* court held that "the merger, in effect, destroyed the stockholder's rights [and] simple justice would require that the assessment of interest from the last day of the statutory tender date to the time of judgment should be awarded." *Id.* at 968, 530 S.W.2d at 196–97.

The appellants contend that this court's decision in *Fitzgerald* is analogous to the present case, because the insurance company merger statute at issue in *Fitzgerald,* like the banking reorganization statute in the present case, did not provide for payment of interest, yet the *Fitzgerald* court held that interest should be awarded to dissenting stockholders from the date a tender of a fair cash value was made until the final judgment and valuation of the shares, as a matter of "simple justice." Thus, the appellants argue, *Fitzgerald* is applicable to the instant facts because of the similarities between the language of the insurance merger statute and the bank reorganization statute at issue here. The appellants cite the following statutory rule of construction as a basis for this argument: "When [ ] a new statute adopts the language of an earlier enactment, it also adopts prior interpretations of that language." *Appleby Road Street Improvement Dist. v. Powell,* 282 Ark. 398, 669 S.W.2d 3 (1984) (quoting *Ark. Pub. Serv. Comm'n v. Allied Tel. Co.,* 274 Ark. 478, 625 S.W.2d 515 (1981)).

*Fitzgerald* is inapplicable to the present case. *Fitzgerald* involved award of prejudgment interest by a *circuit court* under the judicial proceeding established by the insurance merger statute at issue there, § 23-69-148(b)(3). Here, by contrast, § 23-48-603 provides for an *administrative proceeding* with a final determination made by the Commissioner, rather than a court. Although a court has authority to award prejudgment interest as a matter of law, *see, e.g., USAA Life Ins. Co. v. Boyce,* 294 Ark. 575, 745 S.W.2d 136 (1988), the General Assembly did not grant the Commissioner the authority to award either prejudgment or postjudgment interest under § 23-48-603. As a state agency and its officer, the Bank Department and its Commissioner are creatures of the state, and do not possess the inherent powers of a court; state agencies only possess such powers as are conferred by statute or necessarily implied from a statute. *See Smith v. Refunding Board,* 192 Ark. 145, 90 S.W.2d 494 (1936). This important difference between the two statutes highlights the inapplicability of the *Fitzgerald* decision. Additionally, the legislative history of Ark.Code Ann. § 23-48-603 does not indicate that it adopted the language of the insurance statute at issue in *Fitzgerald.*[5]

---

5.  Section 23-48-603 was adopted as part of a comprehensive revision to the banking laws of Arkansas. *See* Acts 1997, No. 89; W. Christopher Barrier & John S. Selig, *Brave New World: Arkansas' 1997 Banking Legislation,* 32 Ark. Lawyer 16 (Summer 1997) (discussing the "Governor's Task Force" to revise the banking laws and noting that "[d]issenters rights [in the 1997 legislation] are similar to those under current law, in the plan of exchange context"). Prior law on dissenters rights in the banking context had its genesis

Further, even if *Fitzgerald* was applicable to the present case, its holding on the award of prejudgment interest has been limited by *Woodline Motor Freight, Inc. v. Troutman Oil Co., Inc.,* 327 Ark. 448, 938 S.W.2d 565 (1997), where the court held that:

> Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion.

*Id.* at 453, 938 S.W.2d at 568. In reversing a trial court's award of prejudgment interest, the *Woodline* court acknowledged that it was rejecting precedent that allowed prejudgment interest "if the damaged or destroyed property had a market value." *See id.* at 450, 938 S.W.2d at 567. Here, the fair market value of the dissenters' shares could not have been definitely ascertainable by mathematical computation at the time the plan of exchange was approved on September 30, 2003, and the very nature of an appraisal process under § 23–48–603 to determine the value of the shares would preclude an award of prejudgment interest.

In sum, *Fitzgerald* is neither applicable nor authoritative here. If the legislature wishes to allow the award of prejudgment interest under § 23–48–603, then the statute must be changed; it is not up to this court to legislate. *Sebastian County*

*Chapter of the Am. Red Cross v. Weatherford,* 311 Ark. 656, 846 S.W.2d 641 (1993).

Although not binding, this court gives great deference to an agency interpretation of a statute, and will not overturn the construction of a state statute by an administrative agency unless it is clearly wrong. *Ford v. Keith,* 338 Ark. 487, 996 S.W.2d 20 (1999). The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Here, the Commissioner determined that the issue of interest is not addressed in § 23–48–603; "therefore, the statute does not authorize the Bank Commissioner to award interest in addition to the valuation." Because the Commissioner's interpretation of § 23–48–603 is not clearly wrong, we affirm the Commissioner's decision.[6]

Bank Commissioner affirmed; court of appeals reversed.

DANIELSON, J., not participating.

---

in Act 349 of 1953, § 7 (addressing the rights of dissenting shareholders in bank mergers, conversions and consolidations). *See also* former Ark. Stat. Ann. § 67–336. Act 349 stated its intention to permit such transactions and to "conform the laws of Arkansas with [Chapter 729, Public Law 706, 81st Congress, Second Session, 1950]". *See* 12 U.S.C. § 214(a). Act 349 was later amended by Act 869 of 1983, which was entitled: "An Act Authorizing a State Bank to Reorganize Through a Plan of Exchange with a Bank

Holding Company after Stockholder and Regulatory Approval, and Prescribing Procedures with Respect thereto (Including an Amend. to § 7 of Ark. Acts 1953, No. 349 ... to Provide for Dissenting Stockholders.)"

6. The appellants did not present their unjust enrichment argument to the Commissioner; therefore, this argument is barred from our review. *Otte, supra.*