SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-80

| | |
|---|---|
| LOUIS A. SHEPPARD<br>APPELLANT | **Opinion Delivered** November 5, 2014 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. CV-13-1269] |
| | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD<br>APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Louis A. Sheppard appeals the decision of the Arkansas Alcoholic Beverage Control Board (the "Board"), which cancelled his conditionally granted application for A permit to operate a retail liquor store. He raises several points on appeal, and after considering each of his arguments, we affirm the decision of the Board.

In November 2010, the people of Clark County, Arkansas, voted to allow alcohol sales. After this vote, the Arkansas Alcoholic Beverage Control Board began accepting applications for retail liquor-store permits. Sheppard applied for a permit, and the Board conditionally granted his application on October 16, 2011.

The approval of Sheppard's permit was conditioned upon several modifications to the premises where he intended to do business. The conditions required the remodeling of the building, the installation of a fire-exit light and telephone, and re-inspection of the premises. Alcoholic Beverage Control Division Rules and Regulations section 1.35 requires that any

conditions attached to the granting of a permit be met within twelve months or the application will be cancelled. Sheppard was allowed two extensions to this twelve-month deadline, and he was given until December 31, 2012, to meet the conditions imposed by the Board.

On December 31, 2012, Sheppard notified the Board that he was ready for a final inspection. Seletia Smith, an inspection agent for the Alcoholic Beverage Control Division, inspected the premises on January 2, 2013, and found that there was a restaurant buffet in the center of the store, and that the premises lacked a telephone and shelving units. She returned several days later, and a telephone had been installed. However, the buffet server remained in the middle of the store, shelving units were not installed, and portions of the building were partitioned off with plastic sheeting.

In the meantime, the Director of the Alcoholic Beverage Control Division, Michael Langley, received a letter from Charles Singleton[1] on January 3, 2013. In the correspondence, Singleton asked that Sheppard's conditionally granted application be rescinded because of false material statements in his application and the delay in opening the business. On January 16, 2013, Langley advised the Board of the correspondence, and the Board determined that it would hold a hearing on February 20, 2013, to review the information received.

The Board held an administrative hearing, and at its conclusion, it voted to terminate Sheppard's conditionally granted permit because of the delay in opening the liquor store and

---

[1]Singleton is an attorney and former director of the Alcoholic Beverage Control Division who represents Jay Arnold. Arnold stood to have his application for permit considered in the event that Sheppard's conditionally granted permit was cancelled.

2

SLIP OPINION

false material statements in his application. Sheppard appealed the Board's decision to the Pulaski County Circuit Court, and the circuit court affirmed the Board's decision. This timely appeal followed.

On appeal, Sheppard contends that: (1) the Board lacked jurisdiction to revoke his permit based upon conditions it had no power to impose, (2) the Board lacked jurisdiction to act because only the Director of the Alcoholic Beverage Control Division has the authority to revoke a permit, (3) the Board lacked authority to revoke his permit for failure to conduct business, (4) the Board lacked jurisdiction because it did not comply with notice requirements, (5) the Director engaged in an improper ex parte communication with Charles Singleton, (6) the Board lacked authority to apply Arkansas Code Annotated section 3-4–301(a)(2)(Repl. 2008), and (7) even if it had authority under section 3-4–301(a)(2), that section was arbitrarily applied.

We first consider whether the Board had the authority to conditionally grant Sheppard's application for a permit. State agencies only possess such powers as are conferred by statute or necessarily implied from a statute. *Brookshire v. Adcock*, 2009 Ark. 207, 307 S.W.2d 22. Although not binding, this court gives great deference to an agency interpretation of a statute, and will not overturn the construction of a state statute by an administrative agency unless it is clearly wrong. *Id*. Our review encompasses several statutory provisions relating to the powers of the Board, and we read these statutes relating to the same subject in a harmonious manner if possible. *City of Fort Smith v. Tate*, 311 Ark. 405, 410, 844 S.W.2d 356, 359 (1993).

SLIP OPINION

Arkansas Code Annotated section 3-4-208(g)(1) (Repl. 2008) provides that an application for permit will be approved if the Board finds that "an applicant is qualified and that his or her proposed premises meet the public convenience and advantage of the area in question." Sheppard argues that, because this section is silent regarding the Board's authority to impose conditions on the approval of applications, the Board has no such power. We disagree. Arkansas Code Annotated section 3-4-201(c)(2)(B) (Repl. 2008) vests the Board with the authority to set qualifications for applicants. Furthermore, Arkansas Code Annotated section 3-4-704 (Repl. 2008) provides that the "Alcoholic Beverage Control Division is authorized to adopt reasonable rules and regulations to carry out the intent and provisions of this subchapter," and Arkansas Code Annotated section 3-2-205(b)(2) (Repl. 2008) provides the Board with the authority to adopt rules and regulations for the supervision and control of the manufacture and sale of alcohol.

From this authority, the Board has enacted the Alcoholic Beverage Control Division Rules and Regulations. These rules and regulations are contemplated by the legislature and within the Board's jurisdiction. They set forth requirements regarding the supervision and control of alcohol sales and allow the Board to impose conditions to meet these requirements. After a de novo review of these statutory provisions, we find that the Board had the authority to enact rules and regulations, which included the imposition of conditions on granting permit applications.

Sheppard contends that the Board's action on February 20, 2013, was to revoke his permit. Only permits that have been issued may be revoked. Ark. Code Ann. § 3-4-301(a)

SLIP OPINION

(Repl. 2008). Sheppard was never issued a permit; the Board merely conditionally granted his application for permit. Therefore, the Board could not have revoked Sheppard's permit, and we need not address Sheppard's arguments regarding whether the Board had the authority to revoke his permit and whether it complied with revocation procedures.

Next, we consider whether the Board had the authority to act on Sheppard's permit following its conditional grant of his application. Arkansas Code Annotated section 3-2-214 (Repl. 2008) allows the Board to review, on its own motion, any action of the director in granting or failing to grant, renewing or failing to renew, revoking or suspending, or failing to revoke or suspend upon complaint, any permit. This statutory provision afforded the Board the authority to review Sheppard's application to determine why the director had failed to issue a permit fifteen months after his application had been conditionally granted.

Finding that the Board had the authority to conditionally grant Sheppard's application and to hold a review hearing to determine why the director had failed to issue a permit, we shift to Sheppard's argument that he was not provided with sufficient notice of the proceeding held on February 20, 2013. Our review indicates that Sheppard did not challenge the sufficiency of the notice that he received at the administrative hearing, and appellate courts have repeatedly held that they will not set aside an administrative determination upon a ground not presented to the agency because to do so would deprive the agency of the opportunity to consider the matter, make its ruling, and state the reasons for its action. *Franklin v. Arkansas Department of Human Services*, 319 Ark. 468, 892 S.W.2d 262 (1995). This issue is not preserved for our review.

Sheppard also challenges the Board's decision by arguing that it was tainted by an ex parte communication between Michael Langley and Charles Singleton. We do not reach the merits of this argument because Sheppard also failed to raise this point at the administrative hearing. We will not set aside an administrative determination upon a ground not presented to the agency. *Id.*

We now consider the merits of the Board's decision to cancel Sheppard's conditionally granted permit based upon his failure to open his business within twelve months and for false material statements in his application. Our review is directed, not toward the circuit court, but rather toward the decision of the agency. *Arkansas State Highway & Transportation Dep't v. Kidder*, 326 Ark. 595, 933 S.W.2d 794 (1996). Administrative decisions should be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Wacaser v. Insurance Commissioner*, 321 Ark. 143, 900 S.W.2d 191 (1995). Substantial evidence is defined as valid, legal, and persuasive evidence or such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Files v. Arkansas State Highway & Transportation Dep't*, 325 Ark. 291, 925 S.W.2d 404 (1996).

Sheppard contends that the Board lacked jurisdiction to apply Arkansas Code Annotated section 3-4-301(a)(2) and arbitrarily applied this statute, which provides that "any permit issued . . . must be revoked . . . for making any false material statement in an application for a permit." This statute only applies to the revocation of permits that have been issued. Because a permit was never issued to Sheppard, we conclude that the Board

lacked authority under Arkansas Code Annotated section 3-4-301(a)(2) to revoke Sheppard's permit for making false material statements in his application.

However, the Board's decision was also based upon Sheppard's failure to open his business within twelve months. Sheppard does not argue on appeal that this decision was grounds for reversal. When an appellant fails to attack an independent, alternative basis for a ruling, we will not reverse. *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Thomsen v. Arkansas Department of Human Services*, 2009 Ark. App. 687, 370 S.W.3d 842. Even if Sheppard did attack the Board's alternative ground, there is substantial evidence to support the Board's decision. The Board heard evidence from inspector Seletia Smith. Her first investigation following Sheppard's deadline for meeting the conditions imposed revealed that the premises lacked a telephone and shelving units for inventory. Additionally, there was a restaurant buffet in the center of the premises. When she returned for reinspection, a telephone had been installed, but the buffet server remained in the middle of the premises, shelving units were uninstalled, and portions of the building were partitioned off with plastic sheeting. Agent Smith testified that she did not consider the premises ready to open. Her testimony constituted substantial evidence to support the Board's determination that Sheppard failed to meet within twelve months the conditions attached to the granting of his permit. With this determination, we find that there was substantial evidence to support the Board's decision to cancel Sheppard's conditionally granted application for permit.

SLIP OPINION

Affirmed.

GLADWIN, C.J., agrees.

WYNNE, J., concurs.

**ROBIN F. WYNNE, Judge, concurring.** I concur with the decision of the majority to affirm the action taken by the Arkansas Alcoholic Beverage Control Board. I write separately regarding preservation of issues for appeal by persons appearing pro se before an administrative board.

Appellant was notified by a letter of the Board dated February 8, 2013, that his application for a permit was going to be reviewed by the Board at its meeting on February 20, 2013. He was not notified in the letter that a revocation was being considered. Indeed, the Board's attorney admitted at oral argument before this Court that no one anticipated that the Board would take the action that it did before the motion to revoke was made. After the motion was made, the Board voted and announced its decision to "revoke" appellant's "permit" although a permit had never been issued. It appears that appellant failed to preserve his notice argument for appeal, as it was first raised to the circuit court in appellant's petition for review of the Board's decision. However, I find it troubling that it also appears that appellant was offered no real opportunity to object to improper notice of a revocation before the Board. I believe that under certain circumstances it would be unreasonable to require a person appearing pro se before an administrative board, who has been given no indication from that board that any action the average person would believe required the services of an attorney is being considered, to formally raise an argument before that administrative board

8

 

in order to preserve it for appeal, especially an administrative body such as the Alcoholic Beverage Control Board that routinely conducts more informal proceedings than other administrative bodies, such as the Workers' Compensation Commission or the Arkansas Appeal Tribunal.

I concur in the result reached in this case because the facts presented are not sufficiently favorable to appellant such that a reexamination of the preservation requirements is warranted in this case. However, a case may come before our appellate courts that does present sufficiently favorable facts, and I highly suggest that our appellate courts take an opportunity to review what is necessary to preserve an issue before an administrative board at that time.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Kevin M. Lemley*, for appellant.

*Mary Robin Casteel*, Arkansas Alcholic Beverage Control Administration, for appellee.