## MIDLAND VALLEY R. CO. v. BRADLEY.

Circuit Court of Appeals, Tenth Circuit.
January 31, 1930.

No. 106.

O. E. Swan, of Muskogee, Okl. (James D. Gibson, of Muskogee, Okl., on the brief), for appellant.

S. E. Gidney, of Muskogee, Okl., for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. This is an appeal by the railroad company from a judgment in favor of Carlton W. Bradley, in an action brought by him to recover damages for personal injuries he sustained while employed by the company. Error is assigned upon the refusal of the trial court to direct a verdict and the giving and refusal of instructions to the jury.

The injuries occurred in the course of the movement of several "bad order" cars on a rabbit track of the company at its yards in Muskogee, Okl. Plaintiff was a switchman engaged in fastening the cars, and J. W. Pickering was the engineer in charge of the crane or engine used to move them. It was the duty of the plaintiff to give the signals and of the engineer to execute them. The plaintiff was caught and injured between the cars. The record discloses some variation in the testimony of these two men as to the details, but it is in direct conflict as to whether the accident was due to the negligence of the plaintiff or the engineer.

We first notice plaintiff's account. He coupled to a car attached to the engine another car which had the drawhead hanging down at the north end. On his signal, the engineer drove that car northward to a location about ten feet from the next car on which the drawhead was missing. After explaining these conditions to the engineer, plaintiff, at his suggestion, went for a chain with which to fasten these cars. He obtained the chain, with a hook and link attached, and fastened it on the hanging drawhead. Finding the chain too short, he signaled the engineer to move closer and stop. This was done, leaving the cars two feet apart. Plaintiff stood out from the cars until the engine stopped and the cars were perfectly quiet. Then he went for a bolt and nut and returned, putting the bolt through the link. While doing that, the engineer put the crane in motion without any signal from plaintiff and caught him between the cars, his back being toward the moving engine. When he found the car in his rear was moving toward him, he straightened up and tried to get out, but the truss rod fastened in his clothes, and he was unable to escape. The two cars came together, crushing him against the end sills of the moving car, rendering him unconscious, in which state he remained until he reached the hospital. The engineer gave no signal of this last car movement. The plaintiff did not hear the crane or the release of the brakes.

The account of the engineer differed materially as to the manner of the accident. He testified to the coupling or chaining of the first car. On plaintiff's signal, he pulled it away from the next car. Plaintiff went between the cars twice in attaching two chains. On his signal to move the cars together, the engineer drove them six or eight inches and stopped. Plaintiff disappeared toward the cars, just as the crane was stopped. The engineer stated the cars stopped moving the instant he stopped the crane, and, again, that he could not control the cars before the slack ran out. After waiting a minute or two, he went to plaintiff's assistance, finding him caught between the cars, facing away from the crane, hanging on a truss rod, whereupon he ran to the crane, backed away, returned, took the plaintiff out, and went for help. He denied moving the engine, except in response to plaintiff's signal. Noises are made by operating the crane and releasing the brakes.

There was other evidence bearing on the accident and extent of plaintiff's injuries, but the two witnesses were the only persons who were concerned in or knew the movements of the cars.

At the close of the plaintiff's evidence and of all the evidence, the defendant moved for a directed verdict in its favor. There was no error in denying the motion. A verdict for the company was justified, if the engineer's testimony was credited, because it tended to show that he did not move the crane except upon the plaintiff's signal, and that the plaintiff went between the cars as they stopped, before the slack ran out, and in that case the plaintiff's own want of care for his safety was such negligence as to constitute the proximate cause of his injuries. But his testimony was to the contrary, in that it tended to prove he did not signal for the last movement of the cars, that the engineer gave no signal of it, that, when he last went between the cars they had stopped and were perfectly still, and that the unsignaled movement of the crane drove the car upon him. This testimony tended to prove, if credited, that defendant's negligence, through the act of the engineer as its agent, was the proximate cause of the accident. It was the province of the jury to weigh and pass upon this conflicting evidence; and it is only where there is no substantial evidence in favor of one party that a verdict should be directed for the other party. A. B. Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597. It is obvious there was in this case such evidence as, if credited, established the liability of the company, provided the plaintiff was not guilty of contributory negligence; and that question was properly submitted to the jury.

668

The appellant complains of but one portion of the instructions, which advised the jury that it was the duty of the defendant to give timely warning or signal to the plaintiff, or to await some signal from plaintiff, before putting the engine and cars in motion, when defendant knew, or in the exercise of ordinary care could have known, the plaintiff was on the track attempting to fasten or couple the cars. The criticism of the instruction is it assumes the defendant knew or could have known the plaintiff was on the track. But the instruction should not be isolated from the rest of the charge, which carefully left all the facts to the jury. Regarding the whole of the charge, the language of the court plainly meant only "if the defendant knew," etc. The supposed assumption in the instruction disappears when it is considered along with the remainder of the charge.

An instruction was refused to the effect it was not sufficient that the evidence showed the defendant might have been guilty of negligence, but it must show defendant was guilty of negligence, and, if the evidence left it uncertain whether one or more things might have caused the accident, for some of which the defendant was responsible and for some of which it was not, the jury should not guess among those causes, but should return a verdict for the defendant. The decision in Patton v. Texas & Pacific R. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361, is cited in support of the request. The rule there announced cannot be questioned, but it has no application to this case. The jury was not required to base its verdict on guess or conjecture. There was positive substantial evidence to support its finding for the plaintiff or the defendant.

Another instruction refused was that plaintiff could not recover if he assumed the risk of the injury as ordinarily and naturally incidental to his employment. This was wholly inapplicable, as there was no basis for it in the evidence. The injury could not have been such an incident, if the engineer negligently drove the car upon the plaintiff and caused the injury and the plaintiff was not at fault. Otherwise the company was entitled to a verdict.

We find the instructions given to the jury clearly, fully, and accurately covered the issues in the case and the law applicable to them. The trial proceedings were exceptionally free of error in any respect that might have been prejudicial to a fair result.

The judgment is therefore affirmed.