Robert SIMMONS et ux *v*. ARKANSAS STATE HIGHWAY COMMISSION

75-310                                    534 S.W. 2d 16

Opinion delivered March 15, 1976

---

[3]Both cases were included in the same decree.

504

*Kenneth C. Coffelt,* for appellants.

*Thomas B. Keys, George O. Green,* for appellee.

JOHN A. FOGLEMAN, Justice. The sole point for reversal raised by appellants in this, the third appeal in the case,[1] is the failure of the court to instruct the jury, upon appellants' timely request, that it could not return a verdict based upon speculation and conjecture. We find no merit in this point and affirm.

The case is one in eminent domain. The question of just compensation actually turned upon the jury's consideration of expert testimony. Appellants' expert witness testified that appellants' property remaining after the taking of 1.23 acres was still residential in character and that any prospect for future development was pure speculation. Appellee's expert testified that the highest and best use of appellants' residual land, after the taking, was for commercial and industrial purposes, because of its proximity to an interchange on a heavily travelled highway. He found the situation comparable to property at other interchanges around which there had been commercial development, and expressed the opinion that benefits accruing to appellant by reason of enhancement of the market value of their land due to the taking and ultimate construction of the highway according to plan far exceeded

[1]See *Arkansas State Highway Commission* v. *Simmons,* 254 Ark. 144, 492 S.W. 2d 238; *Simmons* v. *Arkansas State Highway Commission,* No. 74-153, Nov. 4, 1974.

any damages which might have otherwise have been recoverable. He admitted on cross-examination that there had been no industrial development on any tract which he found comparable to appellants' property for the purpose of arriving at his opinion as to market value. This witness denied that the change in highest and best use was speculative. He explained that sales of property adjoining appellants' property by typical buyers would be indicative of normal trends and not speculative because the owners of the corporation making the purchases were astute, knowledgeable and informed and well-financed businessmen whose judgment he accepted. He admitted that he did run into speculation every now and then where purchasers were misled and uninformed.

Of course, just compensation in an eminent domain case is not to be arrived at by speculation and conjecture. Evaluation of the opinion of appellee's expert witness was for the jury. It was properly instructed that fair market value was the highest price the land would bring in a transaction between parties with knowledge of all the uses and purposes to which the property was adapted; that the burden was upon appellee to prove enhancement of value by the greater weight of the evidence, which was that evidence which had more convincing force and was more probably true and accurate; that it was to decide whether opinion evidence was correct or erroneous and, in doing so, was to consider its reasonableness or unreasonableness; and that it should not consider the opinion of an expert if it was not reasonable.

We have held that, in a particular factual situation, it was not error to instruct a jury that it could not base its verdict upon speculation and conjecture. *Benefit Ass'n. of Ry. Employees* v. *Jacklin,* 173 Ark. 937, 294 S.W. 353. But this does not mean that it is error to refuse such an instruction. It is a cautionary instruction. The giving or refusal of instructions of this nature lies within the sound judicial discretion of the trial judge and reversible error is not committed unless the circumstances are such as to indicate an abuse of that discretion. See *St. Louis I.M. & S. Ry. Co.* v. *Lyman,* 57 Ark. 512, 22 S.W. 170; *Smith* v. *Alexander,* 245 Ark. 567, 433 S.W. 2d 157; 5A CJS 1281, Appeal & Error, § 1775, P. 1282; 88 CJS 846, Trial § 320.

506

Where there is substantial evidence to support a jury verdict and instructions given fully and fairly cover the law and the factual situation in the case, the refusal of the instruction requested by appellants is not an abuse of discretion. *Kantor* v. *Ash,* 215 Md. 285, 137 A. 2d 661, 69 ALR 2d 585 (1958); *Midland Valley R. Co.* v. *Bradley,* 37 F. 2d 666 (10 Cir., 1930). There was substantial evidence on behalf of appellee, if Larrison's opinion was accepted and his explanation of the sales be considered comparable was found reasonable by the jury. The instructions fully and fairly covered the issues and provided a proper test for weighing expert opinions.

We find no abuse of the trial court's discretion, so the judgment is affirmed.