Bill D. REYNOLDS *v.* GUARDIANSHIP OF Grace L.
SEARS

96-1111                                                940 S.W.2d 483

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*Bethell & Cromwell, P.L.C.*, by: *Bruce H. Bethell*, for appellant.

*Michael E. Stubblefield, P.A.*, for appellees.

RAY THORNTON, Justice. This case involves the appointment of a guardian of the person and estate of Grace L. Sears, age seventy, a resident of Fayetteville, Arkansas, who was found to be incapacitated and unable to manage her own affairs. In early February 1996, family members became convinced that Mrs. Sears was in need of a guardianship. With the consent of three of her four children, Clifford, Fran, and William Sears, she was placed in the Washington Regional Medical Center on February 12, 1996, for a four-week evaluation. Two days later, without notice to Clifford or Fran, Mr. Bill Reynolds, an attorney who is not related to Mrs. Sears but who had been named a potential cotrustee of Mrs. Sears's revocable trust, together with Mr. and Mrs. William Sears, caused her to be checked out of the Washington County medical facility and transported to Brownwood Manor Nursing Facility in Crawford County.

Upon discovering this move, Clifford and Fran filed a petition in Washington County Probate Court for temporary guardianship on February 16. On February 27, the petition was amended to seek full guardianship. The probate court scheduled a hearing for March 27, and notice was served. While William Sears neither joined in their guardianship petition nor responded

to the petition, he was present at the hearing; furthermore, he did not seek to be named as a guardian or take timely action to contest or protest the guardianship. The whereabouts of the other sibling, Donna Sue Haas, is unknown.

Representing himself to be the guardian of Mrs. Sears, Mr. Reynolds challenged venue in Washington County. When the matter was heard, the probate court determined that venue was properly in Washington County, that Mr. Reynolds was not a party to the proceeding, and that no person having standing to object or otherwise respond to the petition had done so. All persons related to Mrs. Sears agreed that she was incapacitated and that guardians should be appointed. The probate court then named the two children of Mrs. Sears who had filed the petition as guardians.

Mr. Reynolds appeals from this decision, asserting that he should have been permitted to file a responsive pleading following the denial of his venue-based motion to dismiss. Because we agree with the probate court that Mr. Reynolds was not a party to the proceeding and had no standing to contest the appointment of guardians, we affirm.

We review probate matters *de novo* on appeal, and will not disturb the probate judge's decision absent an abuse of discretion or upon findings that the judge's decision was clearly erroneous. *Mangum v. Estate of Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990); *see also White v. Welsh*, 323 Ark. 479, 915 S.W.2d 274 (1996).

It is undisputed that Mrs. Sears was incapacitated and in need of a guardian. Before reaching the guardianship issue, the first matters considered by the probate court were the issues of standing and venue. Mr. Reynolds contended that his position as attorney-in-fact gave him standing in the guardianship proceeding. With reference to these issues, the following colloquy ensued, which is abstracted as follows:

> MR. SELF [counsel for appellant]: Your Honor, Mr. Caddell is co-trustee of the estate, along with Mr. Reynolds who is also a party.

THE COURT: Well, I'm not sure they are parties in this proceeding. I don't think their status as co-trustees or attorney — with Power of Attorney — I don't think that makes them parties.

MR. STUBBLEFIELD [counsel for appellee]: That would be our argument, Your Honor. And in the Probate Court, I believe the statutes of Arkansas make it fairly clear that the Probate Court has no jurisdiction over a trust. So we're not here arguing the trust today.

THE COURT: I think they are not entitled to remain, Mr. Self.

MR. SELF: On the question of venue, the motion filed by Mr. Reynolds, he is a party to that motion, is that correct?

THE COURT: Well, he's a party to the motion, but I don't know whether he's a party to this case.

. . .

THE COURT: Well, I don't think the question of standing to file a motion has been raised. But the motion describes himself as guardian. There is nothing in this file to show that he is the guardian. I think it is alleged somewhere in the original petition or the amended petition that the gentleman holds a Power of Attorney for Mrs. Sears. But I don't think that constitutes him as a party to this proceeding to inquire into the providence of the suggested guardianship.

MR. SELF: Then I will call Mr. Bill Reynolds as my first witness.

THE COURT: Do you wish to raise the question of the standing of Mr. Reynolds to take part in this proceeding?

MS. DILLON [co-counsel for appellee]: Yes, we do, Your Honor.

THE COURT: I think that's a very significant request, Mr. Self, whether your client has standing to appear in this matter and to challenge the venue.

Mr. Stubblefield withdrew his objection to allowing Mr. Reynolds to testify on venue, but maintained his objection that Mr. Reynolds was not a party to the guardianship proceeding. With regard to venue, it was undisputed that Mrs. Sears had established

domicile in Washington County that continued until February 16, the date that she was transferred to Crawford County. We agree with the probate court's determination that venue was proper in Washington County.

We next consider the issue whether Mr. Reynolds is a party to the guardianship petition. On November 28, 1995, Mrs. Sears was the grantor of a revocable trust into which she transferred substantial assets for her own benefit as primary beneficiary of the trust. She designated herself as the original trustee, to serve during her life or until she became unable or unwilling to serve as trustee. She nominated Fred L. Caddell or Bill D. Reynolds to serve as successor trustee in the event of her removal as trustee. At the time of the hearing, she had not been removed as trustee, and Mr. Reynolds was only a potential successor cotrustee with dormant powers. On November 28, Mrs. Sears also published her last will and testament naming Mr. Caddell and Mr. Reynolds as her executors, and providing that all of her estate would be added to the trust that was contemporaneously established. Mr. Reynolds contends that on the same day, she executed two separate but identical durable powers of attorney, one naming Mr. Mr. Reynolds (and the other one naming Mr. Caddell) as her attorney-in-fact with broad powers over her property. The original documents granting the durable powers of attorney could not be located at the time of the hearing. However, while the original document giving Mr. Reynolds a power of attorney was not in evidence, a document purported to be a copy had been attached as an exhibit to the guardianship petition that he had filed in Crawford County on March 18.

We note that the copy contains no provision for legal recognition of a copy as the original, nor does it nominate the attorney-in-fact as guardian in the event such proceedings are initiated. Consequently, there is no showing that Mr. Reynolds had standing to appear as a party. As Judge Thomas Butt correctly observed:

> I don't see that anyone who by statute is a proper or necessary party and therefore required to be notified has filed any responsive pleading at all on the principal issue of a guardianship.

> The law requires that the spouse, if any, of the alleged incapacitated person must be served and notified. If no spouse, then at least one of the next of kin. Well, in this instance, two of the next of kin are the petitioners. Obviously, it s a vain endeavor that they are required to notify themselves.
>
> As a matter of common sense o[r] decency and courtesy, if there is another or other persons in the same degree of kin, that person or persons ought to be notified, and I believe Mr. Williams here [William E. Sears] was notified. And there has been no pleading filed in his behalf. So I think there is no litigious purpose to be served, or interest to be protected in further postponing the matter.

The probate court determined that Mr. Reynolds lacked standing to be a party in this action. Having made this ruling, the court proceeded to decide the matter of Mrs. Sears's incapacity and to appoint guardians. The court's selection of guardians followed the provision of Ark. Code Ann. § 28-65-204 (Supp. 1995) relating to preferences for appointment as guardian of persons having a "relationship by blood or marriage to the person for whom guardianship is sought." *Id.* § 28-65-204(b)(4). The probate court correctly found that Mr. Reynolds was neither a guardian nor a party, and found Clifford and Fran to be the preferred guardians of Mrs. Sears.

The one remaining issue is whether the denial of Mr. Reynolds's motion to dismiss for improper venue automatically extends to a nonparty the right to file a responsive pleading pursuant to Ark. R. Civ. P. 12. The principle may be stated as follows:

> To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. Courts will not allow suit by one who is a "stranger to the record" or for the purpose of vindicating an abstract principle of justice.

David Newbern, *Arkansas Civil Practice and Procedure* § 5-15, at 61-62 (2d ed. 1993).

In applying that principle to estate administration, we have held that a person who was neither an heir nor a creditor and did not declare any interest in the property or indicate any entitlement

to the proceedings was not an interested person; therefore, he had no standing to question a court order. *White v. Welsh, supra.*

A helpful analogy can be found in our cases involving wills and trusts. In these cases we have found that a person lacks standing to raise a will or trust issue in probate court if the record shows no evidence that he has any interest in the trust or will. *See, e.g., Wells v. Estate of Wells,* 325 Ark. 16, 922 S.W.2d 715 (1996).

While we note that Mr. Reynolds correctly asserts that a motion to dismiss based on venue may be made before the filing of a responsive pleading, *Inmon Truck Sales, Inc. v. Wright,* 294 Ark. 397, 743 S.W.2d 793 (1988), we find that this rule does not apply to him because he lacks standing.

■ The language of Ark. R. Civ. P. 12 clearly addresses party litigants. The language throughout that rule refers to "a defendant," "a party," "every defense," "upon motion by a party," "responsive pleading," and "adverse party." Specifically, Rule 12(b) prescribes the mechanisms for filing defenses in relation to filing responsive pleadings. For a nonparty to enter into this proceeding, the proper procedural method would have been a motion to intervene pursuant to Ark. R. Civ. P. 24. That rule allows a nonparty to intervene into a proceeding, either by right or by permission, if he has a protectable interest in the outcome. The record does not reflect that Mr. Reynolds sought to intervene or that he had an interest that should be protected.

■ In summary, we find that the probate court did not commit error in denying Mr. Reynolds additional time to plead further because he lacked standing and was a nonparty to the proceeding. We affirm.