2011 Ark. 41

County Judge Larry BROWN, Appellant

v.

County Judge Bill HICKS, Gary L. Miley, and Deana C. Miley, Appellees.

No. 10–641.

Supreme Court of Arkansas.

Feb. 9, 2011.

Larry Dean Kissee, Ash Flat, for appellant.

James A. McLarty, III, Newport, for appellees.

JIM HANNAH, Chief Justice.

This appeal concerns an order vacating a section of road located in Independence County. Appellant, Sharp County Judge Larry Brown, appeals the order of the Independence County Circuit Court dismissing his appeal of the Independence County Court order vacating the section of the road. We conclude that the circuit court erred in dismissing Judge Brown's appeal. Accordingly, we reverse and remand.

Pursuant to Arkansas Code Annotated section 14–298–117 (Supp.2009), a group of citizens residing in Independence County petitioned the county court to vacate a portion of a road described as

> located in extreme Northeast of Independence County at or near the Independence County/Sharp County line, where Independence County Road # 88 intersects with Sharp County Road # 17 turning westward continuing to the North boundary line of Section 4, Township 14 North, Range 4 West. The section of Independence County Road # 88 sought to be vacated is westward from the intersection of Independence County Road # 88 and Sharp County Road # 17 to the North boundary of Section 4, Township 14 North, Range 4 West.

Judge Brown and others objected to the petition.

At the hearing on the petition, Judge Brown challenged the proposed closure, contending that many people in the area used the road for ingress and egress. The county court noted the protest, and, as required by section 14–298–117(c), appointed three viewers to view and report on the road. After considering the petition, the objections, and the recommendations of the viewers, the county court granted the petition to vacate in an order entered August 18, 2009.

Judge Brown appealed the order granting the petition to the Independence County Circuit Court. Two of the petitioners, appellees Gary K. Miley and Deana C. Miley, filed a motion to dismiss, asserting that Judge Brown, acting either as an individual or in his capacity as a county judge, lacked standing to pursue an appeal because he had no interest in the property at issue. Following a hearing on the motion, the circuit court granted the motion to dismiss, concluding that Judge Brown lacked standing to bring the appeal. Judge Brown now appeals the order of dismissal to this court.

The parties frame the issue in this case as one of standing, pursuant to amendment 55, section 3 of the Arkansas Constitution and Arkansas Code Annotated sections 14–14–1102(3) and 14–14–1301(a)(1)(A) (Supp. 2009). But, to determine whether the circuit court erred in granting the motion to dismiss, we must consider section 14–298–117, the statute governing the vacating of useless county roads, and section 14–298–116 (Supp.2009), the statute governing an appeal to the circuit court of a county court's decision vacating a road. Simply stated, we must answer the following questions: Who may challenge a petition to vacate a county road? Who may appeal a county court's decision to vacate the road?

Arkansas Code Annotated section 14–298–117 provides as follows:

> (a)(1) When any county road or any part of any county road is considered useless, any ten (10) citizens residing in that portion of the county may make application by petition agreeable to § 14–298–

124 to the county court to vacate the road, setting forth in the petition the reason why the road ought to be vacated.

(2) The petition shall be publicly read by the county court at the hearing on the petition, with the proof of notice and publication required by this chapter.

(b) If no objections are made and filed, the county court may declare the road vacated, or any part thereof that it may deem necessary.

(c) If objection is made in writing, the county court shall appoint three (3) viewers to view the road who shall proceed, after taking the oath or affirmation required by this chapter, to view the road as aforesaid and make a written report of their opinion thereon, and their reason for the opinion, to the county court. If the viewers shall report in favor of vacating the road, or any part thereof, the court, if it deems the report reasonable and just, may declare the road, or any part thereof, vacated, agreeable to the report of the viewers.

(d) The costs thereof and expenses incident thereto shall be paid by the petitioners unless the county court shall order the costs and expenses paid out of the county treasury.

▮ Appellees appear to assert that only citizens residing in the county where the road is considered useless may object to a petition to vacate the road. Judge Brown contends that there is no such statutory requirement. We agree.

▮ The basic rule of statutory interpretation is to give effect to the intent of the legislature. *E.g., Ward v. Doss,* 361 Ark. 153, 205 S.W.3d 767 (2005). Where the language of a statute ⌐is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.*

▮ A review of the plain language of the statute reveals that there is no county citizenship requirement to *object* to a petition to vacate a county road. While one petitioning the court to vacate a county road must be a citizen of that county, *see* Arkansas Code Annotated section 14–298–117(a)(1), there is no requirement that one objecting to a petition to vacate a road must be a citizen of the county where the road is located. Because there is no such requirement, we must conclude that the legislature did not intend that the right to object be limited to citizens living in the county where the road is located. We hold that, pursuant to section 14–298–117(c), any person may object to a petition to vacate a county road.[1]

---

1. The dissent opines that there is a "gap" in this court's reasoning and attempts to fill this perceived gap with case law that has no application to the instant case. Certainly, "[t]o be a proper *plaintiff* in an action, one must have an interest which has been adversely affected or rights which have been invaded." *Reynolds v. Guardianship of Sears,* 327 Ark. 770, 775, 940 S.W.2d 483, 486 (quoting David Newbern, *Arkansas Civil Practice & Procedure* § 5–15, at 61–62 (2d ed.1993)) (emphasis added). "Without standing, a party is not properly before the court *to advance a cause of action.*" *Farm Bureau Ins. Co. v. Running M Farms, Inc.,* 366 Ark. 480, 485, 237 S.W.3d 32, 36 (2006) (emphasis added). After all, "[i]t is fundamental in American jurisprudence that in order to bring a lawsuit against an opposing party, one must have standing to do so." *Id.,* 237 S.W.3d at 36. In this case, Judge Brown did not file a lawsuit to prevent the road closure. He did not initiate the

We must now determine who may appeal a county court's decision to vacate the road. Section 14–298–116(a)(1) provides that "[a]n appeal from the final decision of the county court . . . for vacating . . . any county road shall be allowed to the circuit court." Although the statute does not specify who may appeal, the general rule is that a party to a county court proceeding who is aggrieved by the court's ruling may appeal to the circuit court. *See Campbell v. City of Cherokee Village West*, 333 Ark. 310, 969 S.W.2d 179 (1998). In this case, Judge Brown was a party to the proceeding before the county court, and despite his objection, the county court granted the petition. As a party aggrieved by the county court's decision, Judge Brown had a right to appeal to the circuit court. Therefore, the circuit court erred in granting the motion to dismiss.

Reversed and remanded.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting.

The majority concludes that the circuit court erred in granting the appellees' motion to dismiss because Arkansas Code Annotated section 14–298–117 does not contain a statutory requirement that only citizens residing in the county where the road is considered useless may object to a closure petition. The majority's reasoning behind this conclusion goes something like this. Judge Brown is not a citizen of Independence County. Under the statute, section 14–298–117, he does not have to be to object to a road closure in that county. Thus, he has standing to contest the vacating of a road in a different county.

Obviously, there is a gap in the majority's reasoning. While I agree that section 14–298–117 does not contain the "citizen" requirement, that fact does not decide the issue of standing in this case. In fact, the majority's conclusion ignores the common law regarding standing which this court follows. *See, e.g., Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997). Under the common law, Judge Brown, county judge of Sharp County, still must show he has standing to challenge the closure of a road in Independence County regardless of whether he is a citizen of that county.

This court has often set out the basic principles of law regarding standing. For example, we have said that without standing, a party is not properly before the court to advance a cause of action. *Farm Bureau Ins. Co. v. Running M Farms, Inc.*, 366 Ark. 480, 485, 237 S.W.3d 32, 36 (2006). Only a claimant who has a person-

proceeding to propose the closure. Rather, the petitioners did, and, presumably, they demonstrated that they had standing to do so. Judge Brown *objected* to the proposed closure of the road. Pursuant to section 14–298–117(c), he, or any other person with an objection had the right to be heard.

Citing *Freeze v. Jones*, 260 Ark. 193, 539 S.W.2d 425 (1976), and *City of Little Rock v. Linn*, 245 Ark. 260, 432 S.W.2d 455 (1968), the dissent also appears to suggest that Judge Brown was not entitled to object because he did not show that the vacation of the road would cause him to sustain a particular or special injury or damage. Those cases, which concern challenges to the closure of city streets, are inapplicable here. In cases involving the closing of city streets, this court has long held that one who "has suffered special and peculiar injury thereby, not suffered in common with the public affected by the obstruction, he has his right of action for damages, or may maintain a suit for injunction against its continuance and for its abatement." *Arkansas River Packet Co. v. Sorrells*, 50 Ark. 466, 474, 8 S.W. 683, 685 (1888). In this case, Judge Brown did not seek damages from the proposed closure of the county road, and he did not maintain a suit to enjoin the closure of the road. In no way was he required to show that he sustained a particular or special injury or damage.

al stake in the outcome of a controversy has standing. *Pulaski County v. Ark. Democrat–Gazette, Inc.,* 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007). A party has no standing to raise an issue regarding property in which he or she has no pecuniary interest. *Wisener v. Burns,* 345 Ark. 84, 92, 44 S.W.3d 289, 294 (2001). Furthermore, to be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. *Reynolds,* 327 Ark. at 775, 940 S.W.2d at 486 (citing David Newbern, *Arkansas Civil Practice & Procedure* § 5–15, at 61–62 (2d ed.1993)).

In challenges to the closure of city streets, this court has held that a plaintiff must have sustained a special and peculiar injury or damage to seek relief in the courts. *See, e.g., Freeze v. Jones,* 260 Ark. 193, 197, 539 S.W.2d 425, 428 (1976) ("Relief is available to those who suffer special and peculiar injury or damage, but this special injury or damage must be such as is not common to the public in general and not just a matter of general public inconvenience."); *City of Little Rock v. Linn,* 245 Ark. 260, 274, 432 S.W.2d 455, 464 (1968) ("It has long been recognized, however, that relief against the closing of a public way may be given to those who suffer special and peculiar injury distinct from that of the public in general. . . . [The injury] must be one which is different in character and not degree from that which every citizen suffers, whose business or pleasure causes him to travel the way.").

The portion of the road at issue in the instant case was located entirely within Independence County. Judge Brown owned no land in either Independence or Sharp County that abutted the portion of the road that was sought to be vacated. Hence, he had no personal stake in the outcome of the controversy and had no interest in the property at issue. Moreover, Judge Brown has failed to show that he, either individually or in his role as county judge of Sharp County, has suffered a special or peculiar injury, distinct from that suffered by the public at large, due to the closure of this portion of road in Independence County. Again, the majority simply ignores the common law regarding standing and concludes that because the statute does not contain language requiring an objector to be a citizen of the county in which the vacated road is located, Judge Brown had standing to object.

This court has consistently held that it will not engage in statutory interpretations that defy common sense and produce absurd results. *See, e.g., Sluder v. Steak & Ale of Little Rock, Inc.,* 361 Ark. 267, 276, 206 S.W.3d 213, 218 (2005); *Green v. Mills,* 339 Ark. 200, 205, 4 S.W.3d 493, 496 (1999). And yet the holding advanced by the majority essentially permits anyone in any part of the state, or for that matter, anyone in *any* state, to object to the closing of a quarter of a mile of a county road in Independence County without having a personal stake in the outcome of the case. This interpretation, of course, flies in the face of common sense and traditional notions of standing that have long been recognized by this court. Simply because the General Assembly did not include the requirement that an objector be a citizen of the county where the road sought to be vacated is located does not decide the question.

Furthermore, the majority seems to argue in a footnote that because Judge Brown was not a plaintiff advancing a cause of action, the requirements of standing do not apply to him. It seems to me that the requirements of standing should apply with even greater force to third parties who interject themselves into an action properly brought by a plaintiff. If

the standing requirements are not applicable to third parties in cases like this one, where the statute in question simply fails to include a qualifying requirement, this will open the floodgates and permit third parties to interject themselves into actions where they have absolutely no interest.

The majority also asserts in a footnote that Judge Brown was a party to the proceeding before the county court, thus, he was aggrieved by the county court's decision and permitted to appeal. If he is not a plaintiff, as the majority points out, and he is certainly not a defendant, then what kind of "party" is he? Perhaps Judge Brown's status could be compared to that of an intervenor. However, an intervenor still must have a personal stake in the outcome of a controversy in order to have standing. *See Pulaski County v. Ark. Democrat–Gazette, Inc., supra.* Or maybe he could be likened to a person who has been adversely affected or aggrieved by the action of an administrative agency. In that situation, even if he or she was not a party to the administrative action, that person must show that he was adversely affected or aggrieved by the agency action, that he has a personal stake in the outcome of the controversy, and that he can demonstrate a concrete, specific, real, and immediate injury by the agency's final action in order to seek judicial review of the agency's decision. *See Ark. Beverage Retailers Ass'n, Inc. v. Moore,* 369 Ark. 498, 506, 256 S.W.3d 488, 494 (2007). The instant case apparently seems to present the only situation in which a "party to the proceeding" does not have to satisfy standing requirements.

Apart from my disagreement with the majority's reasoning, this is an issue that the General Assembly should examine because it affects roads in every county of this state. As matters currently stand with today's decision, any person can challenge the closure of a county road without showing that he or she has a personal stake or interest in the outcome of the litigation. This clearly needs clarification.

I would affirm the circuit court, and for that reason, I respectfully dissent.