2012 Ark. App. 110

**Zelda WALLS and Richard Gawenis, Appellants**

v.

**ARKANSAS OIL & GAS COMMISSION and Seeco, Inc., Appellees.**

**No. CA 11–620.**

Court of Appeals of Arkansas.

Feb. 1, 2012.

Brett Gary Blakney, Clinton, AR, for appellant.

C. Michael Daily, Fort Smith and Shane E. Khoury, Little Rock, AR, for appellee.

DOUG MARTIN, Judge.

Zelda Walls and Richard Gawenis seek reversal of a circuit court order upholding a ruling by the Arkansas Oil & Gas Commission (the Commission). We affirm in part and dismiss in part.

The primary issue on appeal concerns the amount of compensation awarded to appellants for the forced integration, or pooling, of their mineral interests in a natural-gas drilling unit. Under Arkansas law, the Commission has the authority to designate a single governmental section as a drilling unit and to oversee the number and placement of wells within the unit. Ark.Code Ann. § 15–72–302(b)(2)(A) & (B) (Repl.2009). When two or more separately owned tracts or interests are embraced within a drilling unit, the owners may voluntarily "pool, combine, and integrate" their tracts or interests for the development or operation of the unit. Ark.Code Ann. § 15–72–303(a) (Repl.2009). If the owners fail or refuse to voluntarily integrate their interests, then, upon application by any owner or operator, the Commission, "for the prevention of waste or to avoid the drilling of unnecessary wells," shall enter an order integrating all tracts and interests within the drilling unit. Ark. Code Ann. § 15–72–303(b) (Repl.2009). Once the Commission issues its integration order, it must determine the compensation to be paid to those owners whose interests have been forcibly integrated. Such compensation must be "for a reasonable consideration and on a reasonable basis." Ark.Code Ann. § 15–72–304(b)(4) (Repl. 2009).

In the present case, the Commission established a drilling unit in Section 19, Township 10 North, Range 15 West, in Van Buren County. That part of our state lies within a large reservoir of natural gas known as the Fayetteville Shale Formation. Numerous oil-and-gas companies, including appellee SEECO, Inc., obtained mineral leases from landowners in section 19 for the purpose of exploring and drilling in the Fayetteville Shale. Appellants, who own approximately 135 acres in section 19, declined to lease their mineral interests to those companies or to otherwise participate in the drilling unit.

On June 2, 2009, SEECO filed an application with the Commission seeking compulsory integration of all unleased mineral

interests in section 19. The application proposed that the owners of the interests be compensated at the rate of $500 per net mineral acre and a one-eighth royalty. SEECO attached an affidavit from petroleum landman Michael English stating that those figures represented the "best terms (bonus and royalty) paid in the unit."

The Commission denied SEECO's application without deciding the issues surrounding forced integration. SEECO then filed a second, similar application. In advance of the hearing, appellants discovered that the Arkansas Game & Fish Commission (AGFC) had leased its mineral interests in 5273 acres in Van Buren County to Chesapeake Exploration, L.L.C., and had received $1601.51 per acre and a twenty-percent royalty for its interests in section 19. During the hearing, appellants told the Commission that they would lease their interests to SEECO for the AGFC price, which they considered the fair market value. In response, SEECO witness Alan Perkins explained that the value of "a lot of acres scattered over different areas" was more valuable to an operator and would garner a better price than an individual lease for a smaller number of acres. Perkins also testified that public agencies are often paid a premium for their leases—markedly above what would otherwise be the market price—based on public-relations and goodwill considerations.

The Commission again denied SEECO's application without reaching the issues at hand. This led to SEECO's filing a third application. On this occasion, Michael English's affidavit identified the best lease terms in the unit as $800 per net mineral acre with a one-sixth royalty, or, alternatively, $225 per acre with a three-sixteenths royalty. The affidavit mentioned $1601.51 per acre and a twenty-percent

royalty as being paid to the AGFC but did not designate that amount as the highest and best rate paid in the unit. During the hearing, English testified that he did not consider the AGFC lease to be a representative transaction because a state agency's interests could not be forcibly integrated, and the agency had to be induced into a voluntary transaction (although he stated that he had not witnessed any state agency "bullying"). English also said that SEECO had not paid more than $800 per acre on the land it leased in the unit.

At the close of the hearing, the commissioners discussed the AGFC lease at length but refused to award compensation to appellants based on that lease. Instead, the Commission ruled that appellants had the option to enter into a one-year lease as part of the integration order for a price of $800 per net mineral acre with a one-sixth royalty.[1]

In response, appellants petitioned the Van Buren County Circuit Court for judicial review, asking the court to modify the Commission's order to reflect compensation of $1601.51 per acre and a one-fifth royalty—the same price paid to the AGFC. The Commission, as the named respondent, denied appellants' material allegations and asked that its order be upheld. SEECO, which was not a named respondent, moved to intervene pursuant to Ark. Code Ann. § 25–15–212(b)(3) (Repl.2002), which gives the circuit court in judicial-review proceedings discretion to permit intervention by "other interested persons." The record does not contain an order from the circuit court granting SEECO's intervention, but SEECO filed a "response in intervention" and actively participated in the judicial-review proceeding.[2]

While the review was pending, appellants sought leave to present additional

1. The order provided appellants with other options, which are not at issue in this case.

2. Because we cannot determine if the circuit court formally granted party status to SEECO

evidence to the Commission. They proffered a 2008 order in which the Commission approved |₅integration payments of $1601.51 per acre and a one-fifth royalty to private landowners in nearby section 13. The Commission responded that prices paid in another section were immaterial and that appellants had not shown a good reason for failing to present the proffered evidence during the administrative hearings. *See* Ark.Code Ann. § 25–15–212(f) (Repl.2002).

On November 18, 2010, the circuit court affirmed the Commission's ruling, concluding that it was supported by substantial evidence and was not arbitrary, capricious, or characterized by an abuse of discretion. In a subsequent order entered on January 19, 2011, the court denied appellants' petition to present additional evidence to the Commission. This appeal followed.

### I.

■ Our review is directed not toward the circuit court but toward the decision of the administrative agency. *Chandler v. Ark. Appraiser Lic. & Cert. Bd.*, 2011 Ark. 519, 2011 WL 6091354. Judicial review of an administrative agency's decision is limited because the agency is better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze the legal issues affecting it. *Id.* The Administrative Procedure Act provides that a court may reverse or modify an agency's order when the agency's findings, inferences, conclusions, or decisions are: 1) in violation of constitutional or statutory provisions; 2) in excess of the agency's statutory authority; 3) made upon unlawful procedure; 4) affected by other error or law; 5) not supported by substantial evidence of record; or 6) arbitrary, capricious, or characterized by an abuse of discretion. Ark.Code Ann. § 25–15–212(h)₆ (Repl.2002). We adhere to these standards of review in analyzing the following arguments.

### II.

■ Appellants contend that, under Arkansas law and agency rules, the Commission must award them compensation for their mineral interests that is the equivalent of the highest price contracted for within the drilling unit, in this case, $1601.51 per net mineral acre and a twenty-percent royalty as paid to the AGFC.[3] The pertinent statute, Ark.Code Ann. § 15–72–304(b)(4), provides that the owner of forcibly integrated mineral interests must receive "reasonable consideration and on a reasonable basis." Appellants interpret "reasonable consideration and on a reasonable basis" to mean the "fair market value" of their mineral interests. They further assert that the term "fair market value" means, as in the case of an eminent-domain proceeding, the highest purchase price that land would bring in a transaction between informed parties. *See generally Simmons v. Ark. State Hwy. Comm'n*, 259 Ark. 503, 534 S.W.2d 16 (1976).

■ The basic rule of statutory interpretation is to give effect to the intention of the legislature. *Brown v. Hicks*, 2011 Ark. 41, 378 S.W.3d 689. We must con-

---

as an intervenor, we have, out of an abundance of caution, relied solely on the Commission's brief as the appellee's response to appellants' arguments.

**3.** Appellants do not challenge the Commission's authority to force the integration of their interests in the drilling unit. They mention briefly that forced integration may consti-

tute an unlawful taking under the Arkansas Constitution, but they acknowledge that this issue was not raised before the Commission. Issues not raised at the agency hearing are procedurally barred on judicial review. *Otte v. Ark. State Bd. of Acupuncture & Related Techniques*, 361 Ark. 279, 206 S.W.3d 225 (2005).

strue the statute just as it reads. *Id.* It is not the business of the courts to legislate; if a change is to be made in a statute, it must come from the legislature. *See Stewart v. Combs,* 368 Ark. 121, 243 S.W.3d 294 (2006). We review the issue of statutory interpretation de novo. *Lamar Co. v. Ark. State Hwy. & Transp. Dep't,* 2011 Ark. App. 695, 386 S.W.3d 670.

Applying these precepts, we decline to adopt appellants' interpretation of section 15–72–304(b)(4). If the legislature had intended the Commission to award fair market value as compensation for forcibly integrated mineral interests, it presumably would have included the appropriate language. *See Stewart,* 368 Ark. 121, 243 S.W.3d 294 (2006). Instead, the legislature opted for the more flexible standard of reasonableness. We will not alter or add to the plain wording of the statute.

Similarly, we reject appellants' argument that Commission Rule A–3 (b)(2)(G)(ii) implies that the highest and best price paid in the unit equates to "reasonable consideration." The rule provides that an applicant filing an integration order must include an affidavit setting forth the "highest and/or best cash bonus and royalty terms that the Applicant has knowledge of that have been offered and accepted, or contracted for, for any acreage within the unit(s) . . . ." While the rule clearly intends that the Commission be informed of the highest and best price paid in the unit, it does not mandate payment of that price as reasonable consideration. Nor does any other Commission rule impose that requirement. The commissioners in this case recognized during the hearing that "fair and reasonable" consideration was the ultimate standard to be applied in awarding compensation to appellants and that the "highest and best" price was not always utilized. The interpretation placed on a statute or regulation by the agency charged with its adminis-

tration is entitled to great deference and should not be overturned unless clearly wrong. *Lamar Co., supra.* We see no clear error in this instance.

### III.

Appellants argue that the Commission's decision was not supported by substantial evidence and was arbitrary and capricious. Substantial evidence is valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion and force the mind to pass beyond conjecture. *Hester v. Ark. Prof'l Bail Bondsman Lic. Bd.,* 2011 Ark. App. 389, 383 S.W.3d 925. To establish a lack of substantial evidence, an appellant is required to demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach the same conclusion. *Id.* The evidence is given its strongest probative force in favor of the agency's ruling. *Id.* Administrative action may be regarded as arbitrary and capricious where it is not supportable on any rational basis. *Id.* An appellant must prove that there was a willful and unreasoning action, without consideration, and in disregard of the facts and circumstances of the case. *Id.*

We need look no further than the testimony presented during the Commission hearings to affirm on this point. As recounted earlier, SEECO witnesses Alan Perkins and Michael English offered reasons why a lease involving a large number of acres owned by a state agency would yield a higher price than a lease with an individual owner. English also testified that SEECO had not paid more than $800 per acre for the mineral interests it leased in section 19. Giving the evidence its strongest probative force in favor of the Commission's ruling, we cannot say that the proof was so nearly undisputed that fair-minded persons could not reach the same conclusion.

Appellants suggest that the Commission's ruling was arbitrary and unsupported by substantial evidence because its order did not mention either "fair and reasonable" consideration or the AGFC lease. In fact, the Commission's order listed $800 per acre with a one-sixth royalty as an alternative available to appellants and described the price as "fair and reasonable" compensation. Further, although the ruling does not refer to the AGFC lease, the commissioners gave the lease full consideration during the hearing and discussed its potential impact on the price paid to appellants. Thus, the Commission's decision was not willful and unreasoning action, without consideration, and in disregard of the facts and circumstances of the case. *Hester*, 2011 Ark. App. 389, 383 S.W.3d 925.

## IV.

Appellants claim that the Commission improperly adopted a new policy to "ignore" transactions with governmental entities. As best we can tell from the somewhat confusing remarks by the commissioners, they did consider the policy ramifications of designating the highest price paid in the unit to a government agency as reasonable consideration. We cannot, however, detect the implementation of any firm policy.

We therefore affirm the circuit court's November 18, 2010 order upholding the Commission's ruling.

## V.

As their final argument, appellants contend that the circuit court erred by not allowing them to present additional evidence to the Commission. We dismiss this portion of the appeal for lack of jurisdiction.

On November 18, 2010, the circuit court entered its order upholding the Commis-sion's ruling without addressing appellants' petition to present additional evidence. Appellants timely filed their notice of appeal from the November 18, 2010 order on December 20, 2010. Later, on January 19, 2011, the court entered an order denying appellants' request to present additional evidence. The court recognized that its order of November 18, 2010, "did not approve or deny the Petitioner's prayer for leave to present additional evidence." The record does not reflect that appellants filed a notice of appeal from the January 19, 2011 order.

In the absence of a notice of appeal from the January 19, 2011 order, we lack jurisdiction to address the order. *See Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1; *Courier v. Woodruff*, 2011 Ark. App. 659, 2011 WL 5176683 (holding that an order not mentioned in a notice of appeal is not properly before the appellate court). We cannot avoid this result by positing that the November 18, 2010 order—from which a notice of appeal *was* filed—impliedly denied appellants' petition to present additional evidence. In *Chandler v. Arkansas Appraiser Licensing & Certification Board*, 2011 Ark. 519, 2011 WL 6091354, our supreme court held that a circuit-court order upholding an agency's decision did not constitute a ruling on the appellant's request to present additional evidence. Furthermore, the circuit court in this case expressly stated that its November 18, 2010 order did not address the petition to present additional evidence.

For these reasons, we dismiss this portion of appellants' appeal.

Affirmed in part; dismissed in part.

GRUBER and BROWN, JJ., agree.