SLIP OPINION

Cite as 2016 Ark. 196

# SUPREME COURT OF ARKANSAS

No. CV–15–745

| | |
|---|---|
| TIMOTHY WHALEY<br>　　　　　　　　　APPELLANT | **Opinion Delivered** May 5, 2016 |
| V. | APPEAL FROM THE LONOKE<br>COUNTY CIRCUIT COURT<br>[NO. 43PR–14–390] |
| PAM AND DON BECKHAM<br>　　　　　　　　　APPELLEES | HONORABLE JASON ASHLEY<br>PARKER, JUDGE |
| | AFFIRMED; COURT OF APPEALS'<br>OPINION VACATED. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from the temporary appointment of guardianship of Louise Alma Sheperd, also known as Louise Whaley, a 93-year-old woman residing in Austin, Arkansas. Appellant, Timothy Whaley, is Sheperd's grandson. The appellees, Pam and Don Beckham, are Sheperd's neighbors and temporary guardians.

Whaley filed this one-brief appeal from the February 26, 2015 order entered by the Lonoke County Circuit Court denying his motion to dismiss the Beckhams' motion to intervene, granting the Beckhams' intervention, and reappointing the Beckhams as temporary guardians of the person of Shepherd and First Community Bank of Searcy as guardian of Sheperd's estate.[1] Whaley's sole argument on appeal is that the circuit court erred in allowing

---

[1]Whaley does not challenge the appointment of First Community Bank as guardian of the estate.

the permissive intervention of the Beckhams in this guardianship case.

This case has a lengthy history included in a related appeal, *Autry v. Beckham*, 2014 Ark. App. 692, 450 S.W.3d 247. It is necessary to recount the facts and proceedings in *Autry* because they are relevant to this appeal. On July 29, 2013, Janet Kaye Autry, Sheperd's granddaughter, filed a petition to be appointed temporary and then permanent guardian of both the estate and of Sheperd. On August 6, 2013, the circuit court made the temporary appointment. On September 23, 2013, the Beckhams were allowed to intervene, and on February 20, 2014, the circuit court appointed them guardians of Sheperd and First Community Bank as the guardian of the estate. Autry appealed, and on December 3, 2014, the court of appeals reversed the circuit court based upon the lack of an affidavit or other testimony of a professional evaluation of Sheperd, and did not reach the other issues, including the challenge to permissive intervention. *Id.* The Beckhams filed a petition for rehearing, which was denied, and the court of appeals' mandate issued on January 14, 2015. During this same time, on December 10, 2014, Whaley filed an ex parte petition to be appointed temporary guardian and permanent guardian of Sheperd. On January 27, 2015, before the circuit court took action on either petition, the Beckhams filed another petition to intervene and for appointment as guardians. Both the motion and the petition stated that their reason for intervention was that they have consistently taken care of Sheperd.

On January 29, 2015, a full hearing was held, including Whaley's motion to dismiss the Beckhams' motion for leave to intervene. From the bench, the circuit court denied Whaley's motion to dismiss the Beckhams' motion for leave to intervene, granted the

Beckhams' intervention, and reappointed the Beckhams as temporary guardians of Sheperd and the First Community Bank as guardian of Sheperd's estate. On February 26, 2015, the circuit court entered an order reflecting this ruling and Whaley filed a timely notice of appeal, and the case was submitted to the court of appeals. On September 9, 2015, the court of appeals dismissed Whaley's appeal holding that the order appealed from was not a final, appealable order. *Whaley v. Beckham*, 2015 Ark. App. 469. However, on November 18, 2015, upon granting Whaley's petition for rehearing, the court of appeals issued a substituted opinion and held that the order was an appealable order and affirmed the circuit court. *Whaley v. Beckham*, 2015 Ark. App. 675.

After entry of the court of appeals' substituted opinion, Whaley filed a petition for review. On February 11, 2016, we granted Whaley's petition for review. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *Sullivan v. Coney*, 2013 Ark. 222, 427 S.W.3d 682. On appeal, Whaley presents one argument: the circuit court erred when it denied Whaley's motion to dismiss the Beckhams' motion for leave to intervene in the guardianship proceeding.

## I. *Standard of Review*

This court reviews probate proceedings de novo on the record, but it will not reverse the decision of the circuit court unless it is clearly erroneous. *Seymour v. Biehslich*, 371 Ark. 359, 266 S.W.3d 722 (2007); *Bullock v. Barnes*, 366 Ark. 444, 236 S.W.3d 498 (2006). In conducting our review, we give due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Seymour*, *supra*. Furthermore, while

we will not overturn the probate court's factual determinations unless they are clearly erroneous, we are free in a de novo review to reach a different result required by the law. *Standridge v. Standridge*, 304 Ark. 364, 803 S.W.2d 496 (1991); *Hetman v. Schwade*, 2009 Ark. 302, at 5, 317 S.W.3d 559, 562.

With regard to intervention, permissive intervention is a matter within the circuit court's discretion and is subject to the abuse-of-discretion standard of review. *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983); *Hunter v. Runyan*, 2011 Ark. 43, at 18, 382 S.W.3d 643, 653.

## II. *Law and Analysis*

Whaley's appeal concerns one issue, intervention. The record before us demonstrates that Whaley's motion to dismiss the Beckhams' motion for leave to intervene is from the "Temporary Order" of the circuit court in probate proceedings and therefore appealable. Ark. Code Ann. § 28-65-218 (i) (Repl. 2012) specifically provides for appeals of temporary guardianships: "In other respects, the provisions of this chapter concerning guardians shall apply to temporary guardians, and an appeal may be taken from the order of appointment of a temporary guardian." Therefore, we conclude that the appeal is properly before us under the procedures established by statute for probate proceedings.

Next, we recognize that while it was not raised by the parties, we must address mootness. The crux of this case is the "Temporary Order" allowing intervention and temporary appointment of guardianship. On February 28, 2015, the circuit court entered an order for temporary appointment of guardianship. Pursuant to Ark. Code Ann. § 28-65-218

(a)(1) the temporary guardianship shall not exceed ninety days including extensions and based on the statute, the temporary guardianship expired on May 28, 2015. However, despite the expiration of the temporary guardianship, the order at issue also granted the Beckhams' motion for leave to intervene in the probate proceeding and made the Beckhams parties in the ongoing guardianship matter.

*Permissive Intervention*

Turning to the merits, Whaley asserts that the Beckhams should not be allowed to intervene because they are strangers to the record, have failed to provide a basis or interest in intervening, and have failed to comply with Rule 24 requirements. Whaley also asserts that he introduced evidence demonstrating the Beckhams' lack of interest and authority of the guardianship over Sheperd and alleges that the Beckhams' care for Sheperd is not in her "best interest."

With regard to intervention, "we recognized in *Reynolds v. Guardianship of Sears*, [327 Ark. 770, 771, 940 S.W.2d 483, 484 (1997)], that the proper procedural method for a nonparty to enter a probate proceeding would be by filing a motion to intervene pursuant to Ark. R. Civ. P. 24." *Helena Reg'l Med. Ctr. v. Wilson*, 362 Ark. 117, 128, 207 S.W.3d 541, 547 (2005). Rule 24(b) of the Arkansas Rules of Civil Procedure (2015), "permissive intervention," provides,

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. When the constitutionality of a statute of this state affecting the public interest is drawn into question in any action, the court may require that the Attorney General of this state be notified of such question.

Stated differently, permissive intervention requires common questions of law or fact. *Id*.; *See Billabong Prods., Inc. v. Orange City Bank, supra*. We hold that Rule 24(b), as applicable here, provides for permissive intervention when the Beckhams' claim or defense and the main action, the probate proceedings, have a question of law or fact in common. In the Beckhams' January 27, 2015 motion to intervene, they stated the following:

> In the companion action of *Autry v. Beckham*, on August 6, 2013, Autry was appointed temporary guardian of Sheperd and the estate. On September 23, 2013, the Intervenors moved to intervene in that action.

> The Intervenors are close acquaintances of Sheperd and have known her for fifteen years, and Pam Beckham has cared for Sheperd fo the past five years, including transportation to her doctor's appointments.

> On October 23, 2013, the circuit court granted the Beckhams' motion to intervene.

> On January 27, 2014, the circuit court terminated Autry's temporary guardianship and the Beckhams were appointed permanent guardians of Sheperd.

> Autry challenged the circuit court terminating her temporary guardianship and the circuit court denied Autry's requests for reconsideration.

> Autry appealed to the Arkansas Court of Appeals which reversed the award of guardianship because the award had been made without the statutorily required medical evaluation and denied the Beckhams' petition for rehearing.

> After the court of appeals opinion was issued, but before the mandate was issued, Whaley filed an ex parte motion for appointment of guardian without serving it on the Beckhams.

> The Intervenors now seek the same rightful position as guardians of the estate and

Sheperd.

Intervenors are fit and proper persons to care for Sheperd.

In response, Whaley advances several arguments and allegations regarding the care for Sheperd, Sheperd's "best interest," and "intervention of right" pursuant to Rule 24(a). However, these arguments are not relevant to the issue before us because this appeal stems from permissive intervention. Likewise, Whaley relies on our opinion in *Arkansas Democrat-Gazette, Inc. v. Brantley*, 359 Ark. 75, 78, 194 S.W.3d 748, 750 (2004), which is not on point because in that case, we addressed intervention as of right, not permissive intervention. Further, although Whaley cites *Reynolds*, 327 Ark. at 776, 940 S.W.2d at 486 (1997), as support for his argument that the circuit court erred in allowing the Beckhams to intervene, *Reynolds* addressed standing, not intervention.

Here, in reviewing the narrow issue appealed, permissive intervention, the underlying litigation is Sheperd's probate matter involving her incapacity, which the Beckhams have been involved with for several years. The record demonstrates that the Beckhams have cared for Sheperd for five years, including transportation and meals, and were appointed permanent guardians until the court of appeals mandate was issued and reversed that appointment. Immediately upon the court of appeals mandate being issued, the Beckhams filed their motion to intervene. The record demonstrates the following facts regarding the Beckhams' relationship with Sheperd: the Beckhams have called Sheperd mom for fifteen or sixteen years; at one time, they maintained a health proxy for Sheperd; they reside adjacent to Sheperd on land owned by Sheperd; they monitor her 11–12 daily medications; they cared

for Sheperd after her brain surgery; they cared for Sheperd after her heart surgery; Pam Beckham spent 40–50 hours a week at Sheperd's home while serving as guardian — managing Sheperd's meals, medications, bathing, transportation, and wheelchair transportation and navigation. Based on the discussion above, the record demonstrates that the underlying litigation and the motion to intervene clearly have a common question of fact.

Finally, Whaley contends that the Beckhams lacked standing to intervene in this guardianship, because they were neither heirs nor creditors and are strangers to the record. Again, despite Whaley's labels, based on the record before us and the applicable law, we are unpersuaded that the circuit court erred in denying Whaley's motion to dismiss the Beckhams' motion for leave to intervene in the probate proceedings. Accordingly, we affirm the circuit court.

Affirmed; Court of Appeals' opinion vacated.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for two reasons: this case is moot, and the majority erred in holding that the circuit court did not abuse its discretion in allowing the Beckhams permissive intervention in this case.

First, this case is moot because the order appealed from was for a temporary guardianship that was established pursuant to Arkansas Code Annotated section 28-65-218. As such, the guardianship expired after ninety days. *Id.* Because the order was entered on February 26, 2015, the temporary guardianship expired nearly a year before we took this case.

I am mindful that there are exceptions to the mootness doctrine, such as when cases

are capable of repetition, which arguably could be held to apply to case before us. However, by declaring that the circuit court's intervention order had an effect beyond the proceeding in which the ruling was made in is not grounded in any rule, statute, or case law. The lack of any citation of authority in the majority opinion substantiates this point. In my view, the majority's holding on this matter is nothing more than speculation that the circuit court will make the same ruling if a subsequent guardianship petition is filed. However probable it may be that the circuit court will make the same ruling, it does not change the undeniable fact that this court's ruling will have no practical effect on the temporary guradianship; therefore, it must be moot.

With regard to the merits, the circuit court erred in allowing the Beckhams to permissively intervene in this case. This manifestly wrong decision is attributable to a misinterpretation of Rule 24(b) of the Arkansas Rules of Civil Procedure:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Intervention is defined as "a proceeding by which a person, not originally a party to an action, is permitted to and does become a party to the pending proceeding for the protection of some right or interest alleged by him to be affected by the proceeding." *Gravett v. McGowan*, 318 Ark. 546, 549, 886 S.W.2d 606, 607 (1994). Accordingly, to intervene, a party must have

a claim or defense that is related to some right or interest.

Mr. Whaley cites *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997), as support for the proposition that the Beckhams had no "right or interest" in Mr. Whaley's guardianship petition. *Reynolds* is analogous to the case before us. In *Reynolds* the appellant, like the Beckhams, sought to intervene in a guardianship case filed by a blood relative. The *Reynolds* court affirmed the circuit court's finding that the appellant had no interest in the guardianship despite the prospect of financial gain as successor cotrustee and therefore had no standing to intervene. Here, the Beckhams, whether motivated by altruism or financial gain, likewise have no interest in Mr. Whaley's petition for guardianship.

Despite the Beckhams' declaration of love for the Ward, I cannot ignore that they have benefitted from their association with this incapacitated 93-year-old woman. They live in a mobile home on the Ward's property, rent free, as does their adult child. The Beckhams used the Ward's two vehicles. At one point, Pam Beckham took $800,000 worth of CDs out of the Ward's safe-deposit box and put them in her own safe-deposit box and returned them to the Ward only after that had been discovered by the Ward's family members. The Beckhams also drilled open the Ward's safe. In the course of "caring" for the Ward, in one year alone, the Beckhams caused more than $89,500 to be paid to individuals they selected as in-home healthcare providers. One of the "caregivers" was the Beckhams' nineteen-year-old son. Payments to the individuals providing "care" continued even when the Ward was a patient in a nursing home. The extravagant expenditures for "caregivers" seem to belie Pam Beckham's claim that she worked 40–50 hours per week caring for the Ward, including

preparing her meals. Under the uncontroverted facts that I have just recited, I cannot join the majority in lauding the Beckhams' care for Ms. Shepherd.

*Frances Morris Finley*, for appellant.

No response.